SHEPFER *v.* HANNENKRAT ET AL.

(Decided December 13, 1933.)

*Messrs. Renner & Renner,* for plaintiff in error.
*Messrs. Bowers & Bowers,* for defendants in error.

SHERICK, P. J. This proceeding in error presents the sole question whether or not the Court of Common Pleas erred in dismissing the appeal of the plaintiff,

Clarence Shepfer, from the decision of the court of a justice of the peace upon the ground that the Court of Common Pleas had no jurisdiction of the cause by reason of the fact that the transcript from the justice court was not signed or certified to by the justice within the time prescribed by law.

It is likewise complained of that the Court of Common Pleas refused to reinstate the appeal and to make an order granting leave to amend the transcript by procuring the signature and certificate of authentication of the justice of the peace.

The claim is made that the transcript is otherwise true and correct, and that it was filed in the Court of Common Pleas within the 30-day period prescribed by the statute.

In support of the error alleged the point is made that Section 11363, General Code, requires that an amendment be permitted in furtherance of justice; that Section 12282, General Code, prescribes that courts should compel the completion and perfection of transcripts; and that, in failing to require that such be done, there occurred an abuse of judicial discretion.

The authorities relied upon are *Humiston* v. *Anderson's Administrators,* 15 Ohio, 556; *Smith* v. *Smith,* 5 C. D., 588, 12 C. C., 528; *Second National Bank of Bucyrus* v. *Moderwell,* 59 Ohio St., 221, 52 N. E., 194; and *Falconer* v. *Martin,* 66 Ohio St., 352, 64 N. E., 430. It is not our purpose to herein review these cases, but to content ourselves with the remark that they do not meet the situation here presented or prescribe a rule that this court is bound to follow.

We recognize it to be an established rule that courts have made a clear distinction in all these cases wherein the duty is placed upon the clerk of court to file transcripts. In such case it is held that litigants must not be penalized for the mistake or omission of the clerk when the litigant has done all within his power to procure a reconsideration of his case in a reviewing court.

This rule, however, is not extended to those cases wherein the statute casts the duty upon an appellant to see to it that the transcript is filed. This duty the litigant may not shirk or excuse else he has not done all that the law requires.

Section 10384, General Code, governs the matter of appeals from a justice court. It provides: ''Upon the giving of bond for appeal, the justice shall make a certified transcript of his proceedings, the bond included, which, on the appellant's demand, and the payment of the legal fee therefor, shall be delivered to him or his agent, who, on or before the thirtieth day from the rendition of the judgment appealed from, shall deliver it to the court to which the appeal was taken.''

It is apparent that the duty is here cast upon the appellant to see that he gets what he pays for, and that he files the same. He cannot, therefore, excuse his own neglect or blame the justice or his clerk if the transcript in fact be not a transcript at all. Such an instrument, unsigned or uncertified, has no legal effect for the purpose for which it is intended any more so than an unsigned bill of exceptions. It is the signing and certifying in this instance that causes it to spring upon its feet and to become what the law contemplates.

We further recognize that, had the transcript been so enlivened, it would have been proper and just and in the interest of justice to have required that by amendment the transcript be made to speak the truth if mistake or omission appeared therein. But we do not conceive it to be the duty of a court to order an amendment of something that is not in being. It is possible to amend something and impossible to amend nothing.

The *Smith case, supra,* approaches the present question. Therein it is held that a signed transcript may by amendment be required to be certified; but in the case at bar the transcript is neither signed nor certified, and it has not that breath of life to give it being.

We find in the case of *Berne* v. *Britton,* 6 Am. L. Rec., 263, 5 Dec. Rep., 487, a situation exactly like the presented question. We concur in its reasons assigned and the conclusion reached.

We are enamored of a further reason that may be advanced for an affirmance of the judgment complained of. We would encourage liberality in the matter of amendment generally, when it is in the interest of justice; but we do not deem it to be the duty or right of a reviewing court to permit or require the amendment of an instrument in order that jurisdiction may thereby be conferred upon it to entertain the matter attempted to be brought within its jurisdiction. If this were not true, courts might assume the prerogative of the Legislature and modify or enlarge a statute providing how and when an appeal might be perfected. The judgment is affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.