Zimmerman, J.
 

 Section 1579-534, General Code, effective since 1921, recites in part:
 

 “All provisions of law relative to appeals from judgments of justices of the peace to the Court of Common Pleas not inconsistent with this' act shall apply to appeals from the Municipal Court” of the city of Akron.
 

 Section 12223-3, General Code, effective January 1, 1936, reads:
 

 “Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided,
 
 unless otherwise provided by law,
 
 except that appeals from judgments of Probate Courts and of justices of the peace upon questions' of law and fact shall be taken in the manner now provided for in General Code Sections 10501-56 to 10501-61, inclusive, and Sections 10382 to 10398, inclusive, respectively.” (Italics ours.)
 

 This latter section certainly does not possess as high - a degree of clarity as could be desired.
 

 Counsel for the appellant maintains that when municipal court acts stipulate a method of appeal on questions of law and fact to the Court of Common Pleas, as is the case with the Municipal Court of the city of Akron, such method remains unaffected by the New Appellate Procedure Act, and this is what is meant by the employment of the phrase “unless otherwise provided by law” in Section 12223-3, General Code.
 

 Counsel als'o points to the fact that at least two members of the committee which drafted the New Appellate Procedure Act have expressed themselves to this effect in writing, and that the argument presented is further strengthened when it is considered that the
 
 *498
 
 General Assembly, in passing the Municipal Court Act of the city of Middletown, effective April 2,1937, made the New Appellate Procedure Act applicable to appeals on questions of law to the Court of Common Pleas, but provided that appeals on questions of law and fact to the Court of Common Pleas be prosecuted in the same manner as appeals from a justice of the peace court to a Court of Common Pleas. See Sections 1579-1535 and 1579-1536, General Code.
 

 In opposition, counsel for the appellee contend that every proceeding for review from a lower to a higher court, exclusive of clearly stated exceptions', whether upon questions of law or upon questions of law and fact, is governed and controlled by the New Appellate Procedure Act, in accordance with its expressed purpose of establishing a new and simplified system of appellate review, and in this connection call particular attention to Sections 12223-1 and 12223-7, General Code.
 

 Analyzing Section 12223-3, General Code, counsel for appellee assert that the phrase “unless otherwise provided by law” has reference solely “to appeals from tribunals, commissions and administrative officers.” They further invoke the maxim
 
 “ expressio unius est exclusio alterius,”
 
 which, freely translated, means the express mention of one thing implies the exclusion of another, and say “when the Legislature excepted from the operation of the appellate review statute appeals from judgments of Probate Courts and of justices of the peace upon questions of law and fact, they did not expect to have added thereto as further exceptions appeals on questions of law and fact from municipal courts.”
 

 While frankly admitting the proposition is not free from doubt and perplexity, a majority of the members of this court favor the position advanced by counsel for appellant.
 

 
 *499
 
 Repeals by implication, are not favored. When a municipal court act prescribes a definite manner of prosecuting appeals on questions of law and fact to a Court of Common Pleas, the seeming intention of the General Assembly was to remove it from the operation of the New Appellate Procedure Act by the use of the expression “unless otherwise provided by law” in Section 12223-3, General Code. This interpretation logically accounts for the presence of stich an expression and is supported by the appeal provisions in the Municipal Court Act of the city of Middletown, heretofore noted.
 

 Therefore, the judgments of the Court of Common Pleas and of the Court of Appeals are reversed, and the cause remanded to the Court of Common Pleas for further proceedings'.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Williams and Gorman, JJ., concur.
 

 Myers, J., concurs in the judgment.