duty of paying the legacy belonged to the administrators, as such, and not as trustees of a continuing trust."

It is our conclusion that, at the time the exemption was allowed, the money in the hands of the executor, payable to defendant on distribution, was "money due" her under the terms of Section 11738, General Code, and was therefore not exempt.

The judgment will be reversed and cause remanded and order entered denying exemption to defendant.

*Judgment reversed and cause remanded.*

BARNES, P. J., and GEIGER, J., concur.

DEWAR, APPELLANT, *v.* HECTOR ET AL., APPELLEES.

(Decided May 10, 1938.)

*Mr. Cecil Huntsman,* for appellant.
*Mr. E. F. Weiser,* for appellees.

BY THE COURT. This is an appeal on questions of law from a judgment of the Common Pleas Court of Putnam county, Ohio, dismissing an appeal on questions of law and fact from the court of W. H. Mc-Clung, a justice of the peace of Van Buren township, Putnam county, Ohio.

The motion on which the judgment of dismissal by the Common Pleas Court was entered sets forth three grounds for the dismissal of the appeal from the justice's court, as follows:

1. That said transcript does not comply with the requirements of Section 10384, General Code, and was not filed on or before the thirtieth day from the rendition of the judgment.

2. That the appeal bond was not entered upon the transcript as required by law.

3. That no notice of appeal from the justice of the peace to the Common Pleas Court was filed in writing with said justice of the peace within ten days after the rendition of the judgment.

The Common Pleas Court sustained the motion on the third ground mentioned, without reference to the other grounds.

In determining whether the Common Pleas Court erred in its judgment sustaining the motion to dis-

miss, the grounds mentioned will be discussed in their inverse order.

Under the provisions of Section 12223-3, General Code, one of the sections of "an act to establish a simplified method of appellate review," every final order, judgment or decree of a court, and, when provided by law the final order of any administrative officer, tribunal, or commission may be reviewed as thereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts and justices of the peace upon questions of law and fact shall be taken in the manner now provided for in Sections 10501-56 to 10501-61, inclusive, and Sections 10382 to 10398, inclusive, respectively, of the General Code.

The effect of this provision is to except from the operation of the act, appeals from judgments of Probate Courts and of justices of the peace upon questions of law and fact, and to make them subject exclusively to the provisions of Sections 10501-56 to 10501-61, inclusive, and Sections 10382 to 10398, inclusive, respectively, of the General Code, which were in effect at the time such act was adopted, and have not since been repealed or modified. It will be noted, however, that appeals from judgments of Probate Courts and justices of the peace upon questions of law alone are not excepted from the operation of the act and consequently are subject to the provisions thereof.

Under the provisions of Sections 10382 to 10398, inclusive, which relate to appeals from a justice court, there is no provision requiring the giving of notice of appeal, and appeals on questions of law and·fact from a justice court to the Common Pleas Court being governed exclusively by the provisions of such sections, the failure to give notice of appeal did not constitute a ground for the dismissal of the appeal on questions of law and fact from the justice court to the Common

Pleas Court, and the Common Pleas Court erred in sustaining the motion on such ground. *Saslaw* v. *Weiss,* 133 Ohio St., 496, 14 N. E. (2d), 930.

While under the provisions of Section 10384, General Code, the justice is required, upon the giving of bond for appeal, to make a certified transcript of his proceedings, the bond included in the filing of the original undertaking for appeal with the clerk of the Common Pleas Court by the appellant, though irregular, is a substantial compliance with the statute requiring a certified transcript of such undertaking to be so filed. *Job* v. *Harlan,* 13 Ohio St., 485.

In the instant case the transcript of the justice's docket shows that bond was filed, taken, executed and acknowledged before the justice of the peace and surety approved by him on the twentieth day of January, 1938, following the entry of judgment by the justice on the fourteenth day of January, 1938. And the transcript of the docket and journal entries in the Common Pleas Court shows that the transcript of the docket of the justice of the peace court was filed in Common Pleas Court on February 12, 1938, and all original papers from the justice of the peace court were filed on February 14, 1938.

The appeal bond having been identified in the transcript from the justice court as an original paper and the original papers having been filed in the Common Pleas Court on February, 14, 1938, it will be presumed that the appeal bond was included with the original papers and filed in the Common Pleas Court on that date. This, under the decision above referred to, constituted a substantial compliance with the statute requiring a certified copy of such undertaking to be so filed, and the failure to include a copy of the bond in the certified transcript of the justice does not constitute ground for dismissal of the appeal.

Under the provisions of Section 10385, General Code, it was the duty of the justice of the peace and

not the appellant to transmit the original papers in the case to the Common Pleas Court within the period limited for filing transcript, to wit, on or before the thirtieth day from the rendition of the judgment appealed from, and the failure of the justice to transmit the original papers so that they could be filed in the Common Pleas Court within the time limited is not ground for dismissing the appeal, when appellant had given an appeal bond and filed a transcript. *Colvin* v. *Cincinnati*, 15 O. D. (N. P.), 385.

The second ground for dismissal of the appeal is therefore without merit.

The first ground for the dismissal of the appeal is that the transcript (from justice court) does not comply with the requirements of Section 10384, General Code, and was not filed on or before the thirtieth day from the rendition of the judgment.

Upon an examination of the transcript we find that except for the failure to incorporate a copy of the appeal bond therein, the transcript from the justice court conformed in every way to the requirements of Section 10384, General Code. For the reasons above mentioned the failure to incorporate a copy of the appeal bond did not render the transcript invalid or constitute a ground for dismissal of the appeal.

The transcript of the docket from the justice of the peace shows that the judgment appealed from was rendered in justice court on January 14, 1938, and the transcript of the docket and journal entries of the Common Pleas Court shows that the transcript from the justice court was filed February 12, 1938, being the twenty-ninth day from the date of the rendition of the judgment in the justice court, and within the time limited by Section 10384 of the General Code.

The first ground of the motion for the dismissal of the appeal was therefore without merit.

As none of the grounds set forth in the motion to dismiss the appeal on questions of law and fact from

the justice court constituted legal grounds for such dismissal the court erred in sustaining the motion and in entering the judgment of dismissal.

For the reasons mentioned the judgment of the Common Pleas Court will be reversed at costs of appellees, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.