Weygandt, C. J.
 

 The first question for consideration is the sufficiency of the original bond filed by the defendant.
 

 Section 1579-310, General Code, relating to -the Municipal Court of Toledo provides that the “party appealing must, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party with at least one 'good and sufficient surety, a freeholder owning real property situated in the county of Lucas, or a corporation authorized to execute surety bonds in this state * * This bond was filed within the ten-day period, but the plaintiff contends
 
 *20
 
 that it did not meet the requirement of the statute because the surety was a foreign corporation not authorized to execute surety bonds in this state. The bond is signed “Wolverine Insurance Company, By John W. Winn, Its Agent and Attorney.” The record discloses the existence of a company named the “Wolverine Insurance Company of Detroit, Michigan,” but it held only a limited license and was not authorized to execute surety bonds in Ohio. The defendant urges that this evidence was not admissible inasmuch as it consists of two letters from the office of the Superintendent of Insurance of this state. However, according to the bill of exceptions, the defendant did not except or object when the letters were offered in evidence; nor did he offer evidence to. contradict the information contained in the letters or to show that John W. Winn was authorized to execute bonds as an agent of the company. The defendant’s purported bond lacked a surety and therefore constituted no bond within the specific requirements of Section 1579-310,
 
 supra.
 
 But the defendant insists further that, even if the surety company were unlicensed to execute surety bonds in this state, he had the right to “amend” his purported original bond by subsequently filing a new one executed by another surety. The defendant relies upon Section 11363, General Code, which authorizes the Court of Common Pleas to “amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case * * However, this provision is of no assistance to the defendant inasmuch as he*did not amend or change or reform his purported original bond. Instead, he abandoned it and filed a new, separate one which made no reference to the earlier document.
 

 
 *21
 
 The defendant relies also upon Section 12223-16, General Code. This is one of the provisions relating to appellate procedure in general and does not modify the effect of the specific, requirement of Section 1579-310,
 
 supra,
 
 which relates to the Municipal Court of Toledo alone ,and is controlling as to appeals from that court to the Court of Common Pleas. In the syllabus of the case of
 
 Saslaw
 
 v.
 
 Weiss,
 
 133 Ohio St., 496, 14 N. E. (2d), 930, this court held that municipal count acts which prescribe a method of appeal on questions of law and fact to the Court of Common Pleas are exempt in such particular from the operation of the new Appellate Procedure Act.
 

 The defendant places reliance upon the decision of this court in the case of
 
 Austin
 
 v.
 
 Morris,
 
 103 Ohio St., 449, 134 N. E., 471, relating to two appeal bonds that were incomplete in that the names of the obligees were omitted. In all other respects the bonds were regular and proper. They contained the number and style of the cases, the amounts of the bonds, the names of the sureties and the names of the courts. This court held that under the provisions of Section 11363,
 
 supra,
 
 the names of the obligees could be added. The second paragraph of the syllabus reads as follows:
 

 “Where such a bond has been filed with the clerk, but the names of the obligees have not been inserted in the blank space provided for that purpose,It is not error to permit the names of the obligees to be inserted in the space so provided.”
 

 The distinction between that and the instant case is readily apparent.
 

 The plaintiff relies upon the decision of this court in the case of
 
 Steele
 
 v.
 
 Garn,
 
 91 Ohio St., 381, 110 N. E., 1069, in which a purported appeal bond was defective in that it contained the name of no surety. This eourt reversed the judgment of the Circuit Court for for failure to dismiss the appeal for want of a bond.
 

 
 *22
 
 Hence, in the instant case the purported original bond was a nullity since it was without a surety as required by law, and the appeal was not perfected by the filing of a separate bond with a surety approximately two months after the rendition of the judgment.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.