JOHNS, APPELLEE, v. CORLEY, APPELLANT.

(No. 4542—Decided April 30, 1951.)

Mr. Wm. A. Finn and Mr. Thomas J. Manahan, for appellee.
Mr. Stephen L. Markowski, for appellant.

CARPENTER, J. After a trial in the Municipal Court of Toledo, a judgment for $200 was entered against the defendant. Notice of appeal on questions of law to the Common Pleas Court was timely filed. That court, on motion by the plaintiff, dismissed the appeal because defendant had not filed an appeal bond as provided in Section 1579-310, General Code, and so stated in its journal entry. From that order, this appeal to this court on questions of law was taken by the defendant.

The sole question presented is whether a bond is necessary to perfect an appeal on questions of law from the Municipal Court of Toledo to the Court of Common Pleas. In other words, is the filing of a bond jurisdictional for such appeal?

The municipal court acts control the methods of appeal from those courts. Saslaw v. Weiss, 133 Ohio St., 496, 14 N. E. (2d), 930. Such appeals from the Municipal Court of Toledo are provided for in Sections 1579-307 to 1579-312, General Code. At the time of the enactment of the Toledo Municipal Court Act in 1917 (107 Ohio Laws, 704), Section 1579-307, Gen-

eral Code, provided for proceedings in error and that they might be prosecuted "in the same manner and under the same conditions, including proceedings for stay of execution, as provided by law for proceedings in error from the Court of Common Pleas to the Court of Appeals." Section 1579-308, General Code, provided: "In all civil cases not otherwise specially provided by law, either party may appeal from the final judgment of the Municipal Court to the Court of Common Pleas of Lucas County. * * *"

A retrial of the cause followed such "appeal." Section 1579-310, General Code, required "the party appealing" to execute and file a bond. Clearly this related to an "appeal" as that term was then understood.

This being the terms of these sections before the Appellate Procedure Act of 1936, it is clear that Section 1579-307 meant an error proceeding, whereas Sections 1579-308 and 1579-309 referred to what was then known as "appeal" and resulted in a retrial of the appealed cause.

Since 1936, proceedings in error have been appeals on questions of law, and "appeals" have been appeals on questions of law and fact with a trial de novo. Section 12223-1, General Code.

In 1945, Section 1579-307, General Code, was amended (121 Ohio Laws, 177), changing the term, "proceeding in error," to "appeals on questions of law." Otherwise that section stating the procedure to be followed in proceedings in error is unchanged. At the same time, in Section 1579-308, General Code, the term, "appeal," gave way to "appeal on questions of law and fact." In 1947, Section 1579-310, General Code, was amended (122 Ohio Laws, 467) to make the time for filing an appeal bond 20 days instead of 10 days, thereby making it conform to the time for filing

notice of appeal as stated in Section 12223-7, General Code.

The defendant urges, and apparently the Court of Common Pleas followed, the decision of *Wertz, a Minor,* v. *Hunter, a Minor,* 144 Ohio St., 18, 56 N. E. (2d), 245, which was decided in 1944 and affirmed a judgment of this court. Applying Section 1579-310, General Code, that decision does require ''a party appealing from a judgment of the Municipal Court of Toledo'' to furnish an undertaking as required by that section. Such was the language of paragraph one of the syllabus, and the Chief Justice in the opinion said that that section ''is controlling as to appeals from that court to the Court of Common Pleas.'' However, in the statement of facts it is clear that that was an appeal ''on questions of law and fact,'' thus distinguishing that decision from the case at bar.

An appeal on questions of law and fact supersedes the judgment of the trial court, hence the importance of the appellant securing by bond the payment of the judgment. See Section 12223-6, General Code. An appeal on questions of law does not stay execution on the judgment unless a supersedeas bond is given to protect the rights of the judgment creditor pending the result of the appeal. Section 12223-9, General Code.

This being an appeal on questions of law to the Court of Common Pleas, a bond was not a jurisdictional requirement. In the absence of a motion to require the defendant to file a supersedeas bond to stay execution, no bond was required, and the court erred in dismissing the appeal. Therefore, its order will be reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

FESS and CONN, JJ., concur.