Taft, J.
Ordinarily, where there is an appeal on questions of law and fact to the Court of Appeals from a judgment of the Common Pleas Court and no appeal bond is filed (see Section 2505.06, Revised Code), the appeal should not be dismissed but should stand for hearing as an appeal on questions of law. *144 See Sections 2505.03 and 2505.23, Revised Code, and Bauer v. Grinsted, 142 Ohio St., 56, 50 N. E. (2d), 334. However, although Section 2505.03, Revised Code, states that “every * * * decree * * * may be reviewed as provided in Sections 2505.04 to 2505.45, inclusive, of the Revised Code,” it also states that this may be done “unless otherwise provided by law.” The Court of Appeals apparently determined that the review in the instant case should not be merely as provided in Sections 2505.04 to 2505.45, Revised Code, which are the general statutes relating to appeals, because it is “otherwise provided by law” in Section 3109.07, Revised Code, which is a specific statute relating to appeals from decrees of the kind sought to be reviewed in the instant case.
Section 3109.07, Revised Code, does provide, with respect to the kind of decree sought to be reviewed in the instant case, that “an appeal * * * may be had upon the appellant’s giving bond” as described in that section, thereby indicating a legislative intent to require such bond as a condition precedent to an appeal from such a decree.
This court has often held that, where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to enjoyment of that right of appeal. American Restaurant & Lunch Co. v. Glander, Tax Commr., 147 Ohio St., 147, 70 N. E. (2d), 93; Zier v. Bureau of Unemployment Compensation, 151 Ohio St., 123, 84 N. E. (2d), 746; American Culvert-Fabricating Co. v. Glander, Tax Commr., 158 Ohio St., 351, 109 N. E. (2d), 475; Kent Provision Co., Inc., v. Peck, Tax Commr., 159 Ohio St., 84, 110 N. E. (2d), 776; City of Marion v. Public Utilities Commission, 161 Ohio St., 276, 119 N. E. (2d), 67; Queen City Valves, Inc., v. Peck, Tax Commr., 161 Ohio St., 579, 120 N. E. (2d), 310; Lee Jewelry Co., Inc., v. Bowers, Tax Commr., 162 Ohio St., 567, 124 N. E. (2d), 415; Zephyr Room, Inc., v. Bowers, Tax Commr., 164 Ohio St., 287, 130 N. E. (2d), 362.
It has also held that, where a special statute specifies requirements for an appeal from a particular kind of order, such statute must be complied with on an appeal from such an order, and, in the absence of compliance with the requirements of sucb special statute, a mere compliance with the general statutes relating to appeals will not be sufficient on an appeal from such *145 an order. Saslaw v. Weiss, 133 Ohio St., 496, 14 N. E. (2d), 930; Wertz, a Minor, v. Hunter, a Minor, 144 Ohio St., 18, 21, 56 N. E. (2d), 245. See In re Mahoning Valley Sanitary District, 161 Ohio St., 259, 119 N. E. (2d), 61. See also Section 1.12, Revised Code.
It is argued in effect that the word “appeal” as found in Section 3109.07, Revised Code, should be interpreted as describing what is now referred to in the general statutes relative to appeals as an appeal on questions of law and fact (see subdivision (C) of Section 2505.01, Revised Code, which was formerly subdivision 3 of Section 12223-1, General Code); that, if so interpreted, then the requirement of a bond would be similar to the requirement of a bond in those general statutes (Section 2505.06, Revised Code); and that, by reason of the provisions of Section 2505.23, Revised Code, the appeal in the instant case should “stand for hearing * * * on questions of law.” In contending for such an interpretation of the word “appeal” in Section 3109.07, Revised Code (formerly Section 8005-7, General Code), it is pointed out that the words of that section were obviously taken from former Section 8035, General Code, which was a recodification of Section 3140-1, Revised Statutes, which had been enacted in 1893 (90 Ohio Laws, 186) at a time when the word “appeal” meant only the kind of appeal now defined as an appeal on questions of law and fact.
Section 8005-7, General Code (now Section 3109.07, Revised Code), was enacted in 1951 as a part of a “recodification, renumbering and revision of the laws * * * pertaining to domestic relations.” (124 Ohio Laws, 178.) That act did purport to repeal Section 8035, General Code, although, in 1919, that statute had in effect been declared void as in conflict with Section 6, Article IV of the Constitution, as in force from 1912 to 1945. West v. West, 100 Ohio St., 33, 124 N. E., 888. HoAvever, apart from that repeal, the General Assembly said nothing when in 1951 it enacted Section 8005-7, General Code, to indicate that it intended to give an 1893 or pre-1912 meaning to the word “appeal” as used in that statute. There Avas no provision in the bill enacting that section such as found in Section 1.24, Revised Code. Obviously, in 1951, the word “appeal” Avould ordinarily mean “all proceedings whereby one court reviews or *146 retries a cause determined by another court.” Subdivision (A) of Section 2505.01, Revised Code (formerly subdivision 1 of Section 12223-1, General Code).
It may be that the General Assembly did what it did not intend to do when it enacted Section 8005-7, General Code, and subsequently recodified it as Section 3109.07, Revised Code. However, in determining the intent of the General Assembly, this court must-be guided by the ordinary meaning of the words which the General Assembly used at the time that it used them. In our opinion, it would represent legislation by this court if we should give the word “appeal” as used by the General Assembly in its 1951 enactment a different meaning from its ordinary meaning in 1951, where the General Assembly expressed no intention that such a different meaning should be given.
It is further argued in effect that, since Section 3109.07, Revised Code, does not provide the manner of review or fix the time in which the bond provided for therein must be filed, the general statutes relative to appeals should be followed rather than Section 3109.07. Although the latter statute does specify how an appeal “may be had,” i. e., “upon the appellant’s giving bond” as therein specified, it does not specify the time within which that must be done. In our opinion, this does not prevent the operation of the requirements of that statute as to “giving bond” as a condition of the right to appeal. The review on appeal is to be “as provided in” the general statutes relative to appeal “unless otherwise provided by law.” Section 2505.03, Revised Code. It has been otherwise provided to some extent by Section 3109.07, Revised Code, and the requirements of that statute must be met where they are applicable, as they are in the instant case. The time within which the appeal must “be perfected” will necessarily be as specified in Section 2505.07, Revised Code, since it is “not otherwise provided by law.”

Judgment affirmed.

Stewart, Belt, and Matthias, JJ., concur.
Weygandt, C. J., Zimmerman and Herbert, JJ., dissent.