188

UNITED EXCAVATING COMPANY, INC., PLAINTIFF-APELLEE, *v.* SANDUSKY ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Mahoning County.

No. 4285. Decided March 19, 1963.

*Mr. A. I. Goldman,* for plaintiff-appellee.
*Mr. Leda C. Hartwell,* for defendants-appellants.

FRANCE, J. This case was heard as an appeal on law only (as reduced from an appeal on law and fact) from a final order of the Court of Common Pleas, Mahoning County, dismissing defendant-appellant's appeal from County Court, District No.

2, Mahoning County. The procedure taken throughout all stages of the action is so confused that it appears necessary to detail the steps chronologically.

A. In County Court:—

1. February 15, 1961—petition filed by plaintiff-appellee for money only for excavating on which summons was issued and returned.

2. February 23, 1961—answer filed by defendant setting up another action pending by way of damages growing out of the same transaction and filed in Court of Common Pleas.

3. March 8, 1961—reply filed.

4. April 29, 1961—amended answer of general denial filed by defendant.

5. April 29, 1961—motion to relinquish jurisdiction and transfer case to Court of Common Pleas by reason of pendency of other action in Court of Common Pleas.

6. June 14, 1961—motion to relinquish overruled.

7. July 27, 1961—tried to court on merits.

8. September 20, 1961—conclusions of fact, conclusions of law, and judgment for plaintiff for $448.75.

9. September 27, 1961—notice of appeal on questions of law and fact to Court of Common Pleas filed.

10. October 11, 1961—appeal bond approved.

11. October 23, 1961—transcript and original papers filed by County Judge with Clerk of Common Pleas Court.

B. In the Court of Common Pleas:—

1. September 27, 1961—notice of appeal—appeal on questions of law and fact—filed.

2. October 23, 1961—transcript of docket entries and original papers filed.

3. October 26, 1961—petition filed by defendant.

4. October 26, 1961—assignments of error filed by defendant.

5. October 26, 1961—defendants-appellants granted leave to file briefs by November 27, 1961.

6. November 10, 1961—plaintiff-appellee moves to dismiss appeal.

7. November 27, 1961—motion set for oral hearing.

8. August 28, 1962—motion to dismiss sustained.

9. August 30, 1962—motion for rehearing filed by defendant-appellant.

10. September 7, 1962—motion by plaintiff-appellee to strike defendant-appellee's motion for rehearing from the files.

11. September 13, 1962—Notice of appeal to Court of Appeals—appeal on law and fact.

C. In the Court of Appeals:—

1. September 13, 1962—transcript of docket and journal entries and all original papers filed in Court of Appeals.

2. January 30, 1963. Appeal on questions of law and fact reduced to appeal on questions of law only—fifteen days allowed for filing bill of exceptions, assignments of error and brief by defendant-appellant.

3. February 5, 1963. Leave to defendant-appellant to re-file assignments of error and brief in case number 4285, the same having been filed by error in case number 4286 on October 4, 1962.

4. February 21, 1963. Leave to defendant to file bill of exceptions instanter.

5. February 28, 1963. One page narrative bill of exceptions filed.

The sole question before us on this appeal, although four assignments of error going to various points on the merits have been filed, is: Did the Court of Common Pleas properly dismiss the appeal without giving defendant-appellant a hearing on its merits?

The sole reason for dismissal by the Court of Common Pleas, entered by that court in its journal, is the failure of defendant-appellant to comply with Section 1921.04, Revised Code, which reads as follows:—

"Upon the giving of bond for appeal or the deposit in lieu of the appeal bond of an amount of money equal to that specified in Section 1921.03, Revised Code, *the clerk of the county court shall make a certified transcript of the proceedings* and a memorandum indicating the deposit of money or the bond included, which, on the appellant's demand, and the payment of the fee therefor, *shall be delivered to him or his agent, who, on or before the thirtieth day from the rendition of the judgment appealed from, shall deliver it to the Court of Common Pleas* to which the appeal was taken.

"Within the period limited for filing such transcript, the County Court Clerk making it must deliver or transmit to the Clerk of the Court of Common Pleas the original papers, used on the trial; and all further proceedings before the County Court in that case shall be stayed from the time of entering into such bond." (Emphasis added.)

Since the transcript (and original papers) were not filed until October 23, 1961, and were then filed not by appellant but by the Clerk of County Court it is apparent that in dismissing the appeal the court was relying on Section 1921.06, Revised Code, which provides:—

"If the appellant fails to deliver the transcript and other papers mentioned in Section 1921.04, Revised Code, to the Clerk of the Court of Common Pleas and have his appeal docketed, on or before the thirtieth day from the rendition of the judgment appealed from, the appellee at the next term of the Court of Common Pleas after the expiration of such thirty days, may file a transcript of the proceedings and judgment, and on his motion the cause shall be docketed. On the appellee's application, the court must enter a judgment in his favor similar to that entered by the Judge of the County Court and for all costs accrued in such court, and award execution thereon, or, with the consent of the appellee, the court may dismiss the appeal at the cost of the appellant and remand the cause to the County Court to be proceeded in as if no appeal had been taken."

For this action ample authority exists. *Shepfer* v. *Hannenkrat*, 48 Ohio App., 35; *McLees* v. *Morrison*, 29 Ohio St., 155; *Kerr* v. *Keil*, 60 Ohio St., 607; *Katz* v. *Linder*, 17 O. C. C. (N. S.), 518, 32 O. C. D., 260. Had it been a question of late filing of the original papers only, a duty cast upon the Clerk of the County Court by Section 1921.04, Revised Code, the failure of timely filing would not be a ground for dismissal. *DeWar* v. *Hector*, 61 Ohio App., 208. Here, however, there was a total failure of filing the transcript, which may not be delegated to the clerk but remains appellant's duty and has been held necessary to give jurisdiction to the Court of Common Pleas. See *Mason* v. *Felix*, 9 Ohio Nisi Prius (N. S.), 447.

Defendant-appellant complains, through a narrative bill of

192

exceptions, that there was testimony that she had ordered a transcript *of the testimony* from the county judge; that she was informed by him that he would file it because the filing was his responsibility; that he did, in fact, so file it late; and that by his actions she was prevented from timely filing. Assuming even that this was a defense, we observe that this testimony was by way of unsupported and uncorroborated statement of appellant's counsel and that the learned Judge of the Common Pleas Court, who could weigh the credibility of the witness as well as reject obvious hearsay testimony, was under no obligation to accept it.

However, even assuming the trial judge believed the testimony put forward, we conclude that by waiting, not only for the thirty day time, but for an additional four months till hearing without making any attempt to correct the record, defendant-appellant forfeited her right to complain of the alleged misuse of power by the county judge. She should, in the first place, have ordered transcript, not from the judge, but from the clerk whose duty it was to provide it. Section 1921.04, supra, Revised Code. If the clerk was unavailable she should have timely sought order from the Common Pleas Court under Section 2505.08, Revised Code, directing it to be prepared and filed. While it is true that law and fact appeals to Common Pleas Court are expressly governed by Chapter 1921 rather than Chapter 2505, Revised Code (see Section 2505.03, Revised Code), we think such order, if applied for before the thirty day time had expired, might well have issued and so put an end to appellant's alleged problem.

We find only one error. In dismissing the appeal, as he was entitled to under the law, the Judge of the Common Pleas Court neglected to comply with the provisions of Section 1921.06, Revised Code, by remanding the cause to the County Court for execution. This is scarcely prejudicial to appellant.

We find no assignment of error well made and the judgment of the Court of Common Pleas is affirmed.

DONAHUE, P. J., concurs.
BROWN, J., not participating.