13710

LITTLE *ET AL.* v. TOWN OF CONWAY *ET AL.*

(171 S. E., 447)

*Mr. W. Kenneth Suggs,* for plaintiff,

*Messrs. M. A. Wright* and *F. G. Burroughs,* for defendants,

November 2, 1933.

The opinion of the Court was delivered by Mr. Justice Bonham.

This is an action in the original jurisdiction of this Court, brought by H. P. Little in his own behalf and that of others similarly situated for the purpose of enjoining C. H. Snider, as Clerk and Treasurer of the Town of Conway, from mingling with the general funds of the town more than one-half of the sums of money hereafter to be paid the town under the reimbursement agreement with the State Highway Department, and from disbursing the remaining half of said funds other than to plaintiff and others interested with him in this action, and similarly situated.

The matter was heard on an agreed statement from which it appears that the plaintiff and others interested with him in this proceeding are citizens of the Town of Conway and are the owners of property abutting on State Highways Nos. 38 and 40 within the corporate limits of the town upon which properties assessments were made by the town for the purpose of paving the streets above named and now em-

braced in the State highway system under the provisions of the Act of the General Assembly commonly called the Reimbursement Act. The provisions of this Act, applicable to this case, are now included in the Code of 1932 in Sections 5928 and 5931. The Town of Conway, acting upon authority granted by legislative Act, issued bonds of the town for paving streets and avenues of the town, and thereafter issued assessments against abutting property owners for part payment of the costs of such paving. The town paid one-half of the costs of paving the streets and the abutting property owners the other half, apportioned one-fourth to those on one side and one-fourth to those on the other side of the streets paved.

The State Highway Department, after the passage of the reimbursement statute, paved parts of the Streets Nos. 38 and 40 within the Town of Conway which had not been paved by the town, and in 1930 entered into a contract with the town to reimburse it to the extent of $29,293.24 for funds it had expended in paving these two streets, now included in the State highway system. Of this sum $10,985.04 has been paid the town and mingled by it with its general funds. It is to prevent a similar use of the sum remaining due under this agreement of reimbursement which plaintiff seeks to prevent by this action. The town resists the application for injunction on the grounds that this Court has no power to issue the writ of injunction, that the municipal council has authority to determine the use of funds received under reimbursement agreement, and that its discretion has been properly exercised in using such funds for legitimate municipal purposes.

The questions propounded for the determination of the Court are these:

(a) Has the Court jurisdiction to grant the relief sought?

(b) Are the assessed owners of property abutting on State Highways Nos. 38 and 40 entitled to share to the ex-

tent of one-half in the funds received by the Town of Conway under the reimbursement agreement with the State Highway Department?

(c) If Question (b) should be answered in the affirmative, what are the relative rights in the fund of past, present, and future owners where the property has changed hands since the assessment was levied, or may change hands before the completion of payments by the State Highway Department under the reimbursement agreement?

It would seem that there should be no dispute over the proposition suggested by the first question.

Section 4 of Article 5 of the Constitution of 1895 provides that: "The Supreme Court shall have power to issue writs or orders of injunction, mandamus," etc.

This section has been construed in numerous cases where the power of the Court to grant the processes enumerated in the quoted article has been recognized. Indeed, the defendants' counsel has not argued this question.

The second question (b) propounded presents the most serious matter for consideration. It is earnestly argued that the abutting property owners are entitled to share with the town the funds which are paid to the town by the State Highway Department under the agreement for reimbursement made between them. No specific authority for such disposition of the funds is cited. The argument is based upon the doctrine of equity and good conscience. In such proceedings, however, the Court is bound by the law, by the language of the Act which authorizes the agreement, and the payment by the highway department. The appliable provisions of law are contained in the second subdivision of Section 5928 of Volume 3 of the Code of 1932: "Reimbursement for Hard-Surface Construction in Towns of 2,500 or Less.—The State Highway Department is hereby authorized and directed to reimburse any town or municipality of a population of twenty-five hundred or less for the appraised value of the hard-surface construction of any

street where said construction was done by any said town or municipality prior to the first of January, 1925, and where said street is now a part of a State Highway authorized to be hard-surfaced under the provisions of §§ 5926–5933. The reimbursement for hard-surface construction herein authorized and directed shall be made, on the same terms and conditions as provided for in said sections for reimbursing counties for hard-surface construction done prior to the passage of said sections: Provided, That in making the reimbursement hereinabove authorized for the hard-surface construction within the corporate limits of the Town of St. Matthews, it shall be the duty of the State Highway Commission to pay direct to the City Clerk and Treasurer of St. Matthews the appraised value of the hard-surface construction due said town under the provisions hereunder and the said clerk and treasurer is hereby authorized and directed to pay therefrom to each of the present owners of property abutting on any street for which reimbursement is made under the provisions hereof an amount of money in such proportion to the amount originally paid and assessed against such piece of property for the said improvement as the total reimbursement funds received therefor bears to the original cost of said construction, for which the said town and property owners are reimbursed."

The abutting property owners in the Town of St. Matthews are, alone of all the towns of the same class in the State, permitted by this Act to share with the town in the distribution of the funds derived under such reimbursement agreement. It would seem that there could be no clearer indication of the intention of the Legislature that the funds authorized to be paid to towns under such agreements should not be shared by abutting property owners. In Cochran's Law Lexicon, the maxim *"Expressio unius est exclusio alterius"* is thus defined: "When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred."

The principle of this maxim was recognized and applied by this Court in the case of *Briggs v. Greenville County,* 137 S. C., 288, 135 S. E., 153, 156, in these words: "In regard to the contention of the petitioner that Section 3 is ambiguous or contradictory on the question whether townships may be reimbursed for roads constructed before the passage of the Act, we think that it is clear from Section 3 that counties only are to be reimbursed, except in the case of Ft. Mill Township, in York County, in which case the statute contemplates that the township shall be reimbursed out of the reimbursement moneys received by the county."

The analogy in principle between that issue in that case, disposed of as quoted, and that involved in this case, is patent.

Clearly the abutting property owners in the Town of Conway may not share in the reimbursement funds paid to the town by the State Highway Department, by reason of any expressed or implied provisions of the Act authorizing such payments.

Counsel for plaintiff argues with force that equity and good conscience demand that the town should divide the funds derived under the reimbursement agreements with the abutting property owners who have paid, or must pay, the assessments levied against their property to aid in making the improvements, viz., the paving of the streets. And counsel urges with eloquence that the depression and hard times which have enveloped the whole country in disaster and loss have brought about conditions which threaten the abutting landowners with the loss of their homes. However much this plea may appeal to the sympathy of the Court, it does not furnish authority to disregard the plain provisions of law. Moreover, it may be said these abutting property owners joined in the petition that the streets be paved; without the petition the paving could not have been done. The plaintiff, and those who seek through this channel to join in the distribution of the reimburse-

ment funds, constitute a little less than one-fifth of the abutting landowners on other paved streets of the town and a little less than one-tenth of the taxpayers of the town. (See the Agreed Statement.) The town paid one-half the cost of the paving of Streets Nos. 38 and 40. The money for this purpose was raised, in the last analysis, by taxing all of the taxable property in the town, so that those who own property upon streets, alleys and lanes remote from the paved streets have paid, and will continue to pay, for the paving of the improved streets with no benefits as a return therefor save that common to the public good. On the other hand, those owning property abutting on the paved streets are compensated for the assessments levied on their property by its enhanced value.

Mr. Justice Brewer, delivering the opinion of the Supreme Court of the United States in the case of *Illinois Central R. Co. v. City of Decatur*, 147 U. S., 190, 13 S. Ct., 293, 294, 37 L. Ed., 132, said this:

"Taxes proper, or general taxes, proceed upon the theory that the existence of government is a necessity; that it cannot continue without means to pay its expenses; that for those means it has the right to compel all citizens and property within its limits to contribute; and that for such contribution it renders no return of special benefit to any property, but only secures to the citizen that general benefit which results from protection to his person and property, and the promotion of those various schemes which have for their object the welfare of all. 'The public revenues are a portion that each subject gives of his property in order to secure or enjoy the remainder.' 13 Montesq. Sp. Laws, c. 1, and other authorities.

"On the other hand, special assessments or special taxes proceed upon the theory that, when a local improvement enhances the value of neighboring property, that property should pay for the improvement. * * * In *McGonigle v. Allegheny City*, 44 Pa., 118, 121, is this declaration: 'All

these municipal .taxes for improvement of streets rest, for their final reason, upon the enhancement of private properties.' In *Litchfield v. Vernon,* 41 N. Y., 123, 133, it was stated that the principle is 'that the territory subjected thereto would be benefited by the work and change in question.' "

Numerous other citations are contained in that learned opinion which confirm the general principle therein announced.

We think the plea for injunction and relief is without merit.

This disposition of question (b) renders it unnecessary to consider question (c).

The petition is denied.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.