225 S.C. 283 (1954)
82 S.E.2d 189
WEST VIRGINIA PULP & PAPER CO.
v.
RIDDOCK, AS COUNTY TREASURER.
16868
Supreme Court of South Carolina.
May 12, 1954.
*284 Frank H. Bailey, Esq., of Charleston, for Appellant.
Messrs. Waring & Brockinton, of Charleston, for Respondent.
*285 The following is the opinion of Judge Moss in the court below.
The above-entitled action was tried before me on a stipulation of facts. The facts recited herein are taken from the pleadings and the stipulation.
Act June 18, Number 317 of the Statutes at Large of South Carolina for 1949, 46 St. at Large, p. 593, provides in part as follows:
"Section 2: Extensions and additions to manufacturing plants exempt from certain taxes, Charleston County.  Exemption from county taxes (but not from school taxes or public service district taxes) is hereby granted to any extension or addition wholly located in Charleston County, hereafter constructed as a part of any existing manufacturing plant located in said county, as follows: * * * (c) If the actual cost of the construction of such extension or addition, exclusive of the cost of the land, is more than One Million ([$]1,000,000.00) Dollars, and less than Five Million ($5,000,000.00) Dollars, for a period of fifteen (15) years from the date of the commencement of the construction of such extension or addition."
In the year 1950 the Plaintiff constructed, as a part of its existing manufacturing plant located in North Charleston District No. 4 of Charleston County, extensions and additions thereto at an actual cost of construction in excess of $1,000,000.00 and less than $5,000,000.00. The extensions and additions so constructed were assessed by the taxing authorities for tax purposes in the amount of $684,000.00.
*286 For the year 1951, the taxing authorities of Charleston County levied taxes upon the properties located in North Charleston District No. 4 totalling 74 mills. Of the total levy of 74 mills, 23 mills were levied for general County purposes, 4 mills were levied for servicing County bonds, 20 mills were levied for public service district purposes and 27 mills were levied for school purposes.
For the year 1951, the Defendant County Treasurer asserted no claim against the Plaintiff for payment of the 23 mills levied for general County purposes in respect to the extensions and additions assessed at $684,000.00. However, the Defendant demanded payment by the Plaintiff of the remaining millage levied for North Charleston District No. 4 in the amount of 4 mills, for servicing of County bonds, in the amount of 20 mills for public service district purposes and in the amount of 27 mills for school purposes. The Plaintiff paid to the Defendant, without protest, the amount of tax resulting from the application of 20 mills levied for public service district purposes and 27 mills levied for school purposes upon its extensions and additions assessed at $684,000.00. The Plaintiff paid to the Defendant, under protest, the amount of tax resulting from the application of 4 mills levied for the servicing of County bonds upon its extensions and additions assessed at $684,000.00. Within the time required by statute, the Plaintiff brought this action for the refund to it by the Defendant of the sum of $2,736.00, being the amount of tax paid by it under protest.
In the light of the foregoing, the narrow issue presented is whether for the year 1951 the above quoted statutory provisions exempt from payment by the Plaintiff, in respect to its extensions or additions assessed at $684,000.00, the amount of tax levied by the taxing authorities for Charleston County for the purpose of servicing County bonds. If the exemption is applicable as contended by the Plaintiff, then the Plaintiff is entitled to judgment against the Defendant for the sum of $2,736.00, with interest at 6% per annum from December 31, 1951, and *287 for the costs and disbursements of this action. If the exemption is not applicable as contended by the Defendant, then the Plaintiff should recover nothing from the Defendant and the Defendant should have judgment against the Plaintiff for the costs and disbursements of this action. The Legislature by proper enactment may exempt from the levy of all or any portion of County taxes the properties of manufacturers located in the County where the taxes are levied. Byrd v. Lawrimore, 212 S.C. 281, 47 S.E. (2d) 728. It is therefore only necessary to examine the specific wording of the statute, or the intent of the legislature in enacting it, in order to determine the extent of the exemption.
Considering the wording of the statute alone, it seems clear that the exemption applies to all County taxes except those levied for school purposes and for public service district purposes. I can find no ambiguity in the wording of the statute from which it might be reasoned that any portion of the taxes levied for County purposes, other than those specifically excepted, would not come within the terms of the exemption. If the statute had not contained the parenthetical expression "(but not from school taxes or public service district taxes)" it would follow that the exemption should apply to all taxes levied by the County taxing authorities. I cannot agree with the Defendant's contention that the omission of the word "all" before the words "County taxes" has the effect of not including within the exemption some portion of the County taxes while granting the exemption in respect to other portions of the County taxes. It is my conclusion that the wording "exemption from County taxes is hereby granted" has the effect of exempting from taxes levied for the servicing of County bonds, as well as from taxes levied for other County purposes.
Since it seems to me that the statutory wording is without ambiguity, it is hardly necessary to examine the Legislative intent. However, I construe the Legislative intent as having been to grant an exemption from all County taxes save those specifically excepted. Applying *288 the principle "Expressio unius est exclusio alterius," it is my conclusion that the Legislature must have intended that the exemption should apply to taxes levied for all County purposes save for those purposes specifically excluded. If the Legislature had intended to exclude from the exemption taxes levied for the servicing of County bonds, it could easily have added to the parenthetical expression before quoted the wording "or County bonds taxes." The inclusion in the statute of certain specified exclusions leaves the inference that the Legislature intended no other exclusions from the exemption. Little v. Town of Conway, 171 S.C. 27, 171 S.E. 447.
The Defendant contends that in the past the County Auditor did not set up on his books for exemption on properties of manufacturers, taxes levied by the County for servicing County bonds in applying the exemption provisions of earlier statutes having somewhat the same import as that presently before me for construction. The Defendant then reasons that this action of the County Auditor must have been known to the members of the Legislature at the time of enacting the present statute and hence the failure of the Legislature to include in the statute some wording which would specifically exempt taxes levied for the servicing of County bonds results in the conclusion that the Legislature did not intend to exempt the taxes levied for this purpose. It appears from the record that the County Auditor has, in some instances given exemption to taxpayers for the taxes levied for the servicing of County bonds and in other instances has not recognized such exemptions, although the wording of the exempting statutes was quite similar. I do not attempt to pass on the actions of the County Auditor in respect to the other statutes not before me for construction and I do not regard it as important here whether the County Auditor rightly or wrongly interpreted such statutes. However, the interpretation placed upon the earlier statutes by the County Auditor cannot have the effect of changing the meaning of the clear and unambiguous wording of the statute now before *289 me of what appears, when measured by other legal yardsticks, the undoubted intention of the Legislature in enacting the same.
It is my opinion that the provisions of Act No. 317 of the Statutes at Large of South Carolina for 1949, above quoted, have the effect of granting an exemption from the payment of taxes levied by the County taxing authorities for servicing Charleston County bonds in respect to the properties of manufacturers which are qualified for exemption under the statute. Accordingly, the Plaintiff is entitled to have judgment as prayed for in the Complaint, and it is hereby
Ordered that the Plaintiff have judgment and judgment is hereby rendered for the Plaintiff against the Defendant in the sum of Two Thousand Seven Hundred Thirty-six ($2,736.00) Dollars, with interest thereon at six per cent per annum from December 31, 1951, and for the costs and disbursements of this action.
May 12, 1954.
PER CURIAM.
Upon consideration of the order for judgment of the trial court, in the light of the exceptions and briefs, we find no error; the order is affirmed and will be published as the judgment of this court.
STUKES, TAYLOR, and OXNER, JJ., and LITTLEJOHN, Acting Associate Justice, concur.
LEGGE, J., did not participate.