737 S.E.2d 854

**Maria T. CURIEL and Martin L. Curiel, Respondents,**

**v.**

**HAMPTON COUNTY E.M.S., Appellant.**

**Appellate Case No. 2011–194827.**

**No. 5065.**

Court of Appeals of South Carolina.

Heard Oct. 30, 2012.

Decided Dec. 19, 2012.

Rehearing Denied Jan. 25, 2013.

Marshall H. Waldron, Jr. and Matthew David Cavender, both of Griffith Sadler & Sharp, PA, of Beaufort, for Appellant.

John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; H. Woodrow Gooding and Mark Brandon Tinsley, both of Gooding & Gooding, PA, of Allendale, for Respondents.

KONDUROS, J.

Hampton County E.M.S. (Hampton) appeals the trial court's grant of summary judgment in favor of Maria and Martin Curiel, arguing the trial court erred in finding it was not entitled to tort immunity pursuant to the South Carolina Tort Claims Act. S.C.Code Ann. § 15–78–60(6)(2005). We affirm.

**FACTS**

On November 22, 2008, Maria was driving Martin's car on a two-lane road in Hampton County. Emergency Medical Technician (EMT) Jason Schroyer was driving the ambulance with his partner, Shannon Crouch. They were driving in the same direction on the same road as Maria and approached her vehicle from behind. The ambulance was in route to a structure fire where a burn victim was in need of care.

Schroyer claimed he was driving forty-five miles-per-hour in a fifty-five miles-per-hour zone, as he approached Maria. He stated he had the emergency lights and siren on. Both vehicles slowed down and Schroyer believed Maria had stopped. Both Schroyer and Crouch stated Schroyer sounded his horn and began to pass Maria. When Schroyer crossed the center yellow line to pass Maria's vehicle, Maria turned left into her driveway. Schroyer steered right, but was unable to avoid colliding with Maria.

Both parties filed motions for summary judgment. On January 25, 2011, the trial court denied Hampton's motion for summary judgment and did not rule on the Curiels' motion. Hampton filed a motion for reconsideration, and the trial court held a hearing on March 15, 2011. The trial court filed an order on June 8, 2011, denying Hampton's motion for reconsideration and granted the Curiels' motion for summary judgment. The trial court's order stated, "It is the opinion of this

[c]ourt that neither the words or the statute nor the intent of the statute were intended to apply to the facts in the case." Footnote 3 of the order states, "Furthermore, as the burden of proof is on the governmental entity asserting a limitation upon liability, this [c]ourt finds that Hampton County E.M.S. has failed to meet its burden of showing that Plaintiffs' allegations fall within this exception to the wavier of immunity." No further motion for reconsideration was filed. This appeal followed.

## STANDARD OF REVIEW

■ The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder. *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). "Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct.App.2004).

## LAW/ANALYSIS

■ Hampton argues the trial court erred in determining Hampton's ambulance was not engaging in "fire protection" pursuant to section 15–78–60(6) of the South Carolina Code (2005). We disagree.

■ The Tort Claims Act "is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15–78–70(b)." *Wells v. City of Lynchburg*, 331 S.C. 296, 302, 501 S.E.2d 746, 749 (Ct.App.1998); *see* S.C.Code Ann. § 15–78–200 (2005) ("Notwithstanding any provision of law, this chapter, the

'South Carolina Tort Claims Act', is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty."). The Act provides: "The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein." *Proctor v. Dep't of Health & Envtl. Control,* 368 S.C., 279, 290, 628 S.E.2d 496, 502 (Ct.App.2006) (quoting S.C.Code Ann. § 15–78–40 (2005)). "The Tort Claims Act waives sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties." *Id.* at 291, 628 S.E.2d at 502.

▪▪▪ "The Tort Claims Act is a limited waiver of governmental immunity." *Hawkins v. City of Greenville,* 358 S.C. 280, 293, 594 S.E.2d 557, 564 (Ct.App.2004). Under the Act, a governmental entity is not liable for a loss resulting from certain enumerated events including "civil disobedience, riot, insurrection, or rebellion or the failure to provide the method of providing police or fire protection." S.C.Code Ann. § 15–78–60(6) (2005). "The burden of establishing a limitation upon liability or an exception to the waiver of immunity under the Tort Claims Act is upon the governmental entity asserting it as an affirmative defense." *Proctor,* 368 at 292, 628 at 503; *see Faile v. S.C. Dep't of Juvenile Justice,* 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002) ("The governmental entity claiming an exception to the waiver of immunity under the Tort Claims Act has the burden of establishing any limitation on liability.").

"The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Sloan Constr. Co. v. Southco Grassing, Inc.,* 395 S.C. 164, 170, 717 S.E.2d 603, 606 (2011). "If a statute's language is plain, unambiguous, and conveys a clear meaning, 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.' " *Id.* (quoting *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 582 (2000)). When interpreting a statute, the court "must read the language 'in a sense that harmonizes with its subject matter and accords with its general purpose.' " *Ranucci v. Crain,* 397 S.C. 168, 172, 723 S.E.2d

242, 244 (Ct.App.2012) (quoting *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992)). An "inclusion in [a] statute of certain specified exclusions leaves the inference that the Legislature intended no other exclusions from the exemption." *W.Va. Pulp & Paper Co. v. Riddock,* 225 S.C. 283, 288, 82 S.E.2d 189, 190 (1954).

By including police and fire protection as exceptions to the State's waiver of immunity, but not specifically listing emergency medical services, the Legislature did not intend to include emergency medical services as an exception to the waiver of immunity in section 15–78–60(6). Accordingly, the trial court did not err in granting the Curiels' summary judgment motion. Therefore, the trial court's decision is

**AFFIRMED.**

SHORT and LOCKEMY, JJ., concur.