ANDREWS, Appellant, *v.* CITY OF BUTTE, Respondent.
(No. 8393.)

(Submitted January 14, 1944. Decided April 21, 1944.)

[147 Pac. (2d) 1020.]

*Messrs. H. L. Maury, A. G. Shone,* and *M. Baxter Larson,* for Appellent, submitted a brief; *Mr. Shone* argued the cause orally.

*Messrs. P. E. Geagan* and *E. J. Foley,* for Respondent, submitted a brief; *Mr. Geagan* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

Plaintiff brought this suit against the city of Butte, alleging in his amended complaint that he fell on a broken sidewalk within the city and suffered injuries by reason of the fall. In his amended complaint he sets out that the city of Butte had actual knowledge of the dangerous condition of the defective sidewalk. He gave after his injury the written notice required by section 5080, Revised Codes, 1935, as amended by Laws 1937, Chapter 122. Upon the trial he offered proof that he had talked with Frank Curran, the city engineer, concerning the condition of the sidewalk in question, and that Curran had actual notice of the defect some weeks before the accident. Further he offered

proof that there was in the files of the engineer a written report prepared by the W. P. A. showing that faulty condition. Objections to these offers of proof were sustained by the trial court. After the plaintiff's case was in, defendant rested without offering any testimony and then moved the court to direct the verdict in its favor, and the motion was granted. Judgment upon the directed verdict was entered and this appeal followed. By the court's action on the objection to the evidence and by its statement it appears that the directed verdict was granted because "in the opinion of the court the actual notice to which the City is entitled under the provisions of Section 5080 Revised Codes of Montana, 1935, as amended by Chapter 122 of the Laws of 1937, must be given to the City Clerk of the particular City involved, and to no other person or officer connected with the City."

The only question, then, before this court for determination ▮▮▮▮▮ is the proper interpretation of section 5080, Revised Codes of 1935, as amended by Chapter 122 of the Session Laws of 1937. That amendment provides that before any city or town shall be liable for damages to person or to property suffered by reason of any defective sidewalks, "it must first be shown that said city or town had actual notice of such defect or obstruction and reasonable opportunity to repair such defect or remove such obstruction before such injury or damage was received; the city clerk must make a permanent record of all such reported defects and shall report to the city street commissioner immediately upon notice of such defect or obstruction; * * *."

The language "the city clerk must make a permanent record of all such reported defects" apparently dictated the lower court's opinion that the only way the actual notice could be given to the city was through the city clerk. With this view we cannot agree. The construction placed upon this language of the amendment is not justified. At most the provision requiring the city clerk to make a permanent record of the reported defect is an inference that ordinarily the notice be given to the city clerk in the usual course of business. The requirement that he

make a record is alone not a conclusive indication of the legislative intention that notice be given the city only through him. The primary purpose of the statute is to assure that actual notice is to be given the city. How that actual notice is to be given was not specified. The question in every case such as this revolves around that question of the actual notice to the city through its officials and that actual notice may be proven by any method through competent evidence. Here the offered proof of notice, both oral and written, to the city engineer would be proof tending to show the notice as required by the statute and it was error on the part of the trial court to exclude it, as it was error on the part of the trial court to enter its judgment upon the theory that the statute required something more than actual knowledge on the part of the city.

It was error to exclude the offered proof, and the judgment is reversed with direction to grant a new trial.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.

Rehearing denied May 5, 1944.