LUCY RATLIFF, PLAINTIFF AND RESPONDENT, *v.* CITY OF GREAT FALLS, MONTANA, A MUNICIPAL CORPORATION, DEFENDANT AND APPELLANT.

No. 9465.
Submitted May 7, 1957. Decided August 19, 1957.
314 Pac. (2d) 880.

Mr. Ray F. Koby, Mr. John H. Kuenning, Great Falls, for appellant.

Mr. Julius J. Wuerthner, Mr. C. W. Murch, Mr. John P. Wuerthner, Great Falls, for respondent.

Mr. Koby, Mr. Kuenning, Mr. John Wuerthner and Mr. Murch argued orally.

MR. JUSTICE ANGSTMAN:

This is an appeal by defendant from a judgment for plaintiff entered on a verdict of the jury awarding plaintiff $2,500 damages for injuries sustained by her as a result of a fall on the sidewalk abutting the premises at 200-202 First Avenue South

in Great Falls, which sidewalk was claimed by plaintiff to be in a defective condition.

The only question presented by the appeal is whether plaintiff has pleaded and proved that the city had actual notice of the defective condition of the sidewalk and reasonable opportunity to repair as required by R.C.M. 1947, section 11-1305, which provides in part:

"Before any city or town in this state shall be liable for damages to person and/or property for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect or obstructions in any bridge, street, road, sidewalk, culvert, park, public ground, ferry-boat, or public works of any kind in said city or town, *it must first be shown that said city or town had actual notice of such defect or* obstruction and reasonable opportunity to repair such defect or remove such obstruction before such injury or damage was received; the city clerk must make a permanent record of all such reported defects and shall report to the city street commissioner immediately upon notice of such defect or obstruction   *   *   *"

The complaint alleges that on May 1, 1953, at 4:00 p. m. plaintiff was walking in a westerly direction on the sidewalk in question; that by reason of the defective condition of the sidewalk she stepped into a depression or hole therein and was caused to fall resulting in the injuries complained of; that the dangerous condition of the sidewalk had existed for a period of time not less than four weeks prior to the time she was injured; that the owner of the business properties abutting on the sidewalk in question had personally notified an employee of the defendant city engineer's office of the dangerous condition of the sidewalk; that the agents, employees, servants, and officers of the city had personal notice of the dangerous condition of the sidewalk at least four weeks prior to the accident.

The evidence bearing upon the question of notice shows the following: Edward F. Rooney the owner of the business premises at 200 to 204 on First Avenue South, testified that the sidewalk

abutting the premises was old and a little bit rough; that in the early part of April, 1953, a water main broke on Second Street and flooded the intersection and afterwards the sidewalk became rougher and heaved; the surface was broken and raised up a couple of inches; that sometime early in April, 1953, he testified he telephoned the city engineer's office during the lunch hour, and the party who answered the telephone said "City Engineer's Office"; that he told the party who answered the telephone "the sidewalk at about 200 First Avenue South was heaved up and needed some repairing"; that the other party either said "O. K." or "We will take care of it"; that he thought he gave his name as the person calling, and gave the location of the defective sidewalk; that he did not know of anything being done to the sidewalk prior to May 1, 1953, the date of the injury to plaintiff.

Kenneth L. Chrysler, City Engineer, testified that any one of the ten employees in the office has authority to take telephone calls in his absence or the absence of Mr. Garske, Assistant City Engineer; that anyone of them had authority on complaints about defective streets or sidewalks to refer such complaints direct to the street department; that he answers the telephone "City Engineer" and never gives his name, and did not know how the employees answer it; that he was sure Mr. Rooney had not called him, but it was possible he could have called someone else in the office; that he did not personally know of the defective condition of the sidewalk until August, 1953, when he was taken to the site by the city attorney. Apparently the defects continued until that time even though plaintiff was injured on May 1, 1953, and gave written notice of her injuries on June 25, 1953.

Herbert Garske, Assistant City Engineer, testified he did not observe the condition of the sidewalk during April, 1953; that he did not receive a request to repair the sidewalk; that the clerks were not ordered to make a memorandum of every call relative to a defect in the street or sidewalk; that he usually answers the telephone "City Engineer's Office," without giving

his name, but usually does not answer it unless it is switched back to him.

We point out that photographs of the surface of the sidewalk which were introduced in evidence show that much of the concrete had disappeared leaving holes or depressions in the sidewalk; jagged pieces of concrete appear in the photographs with edges and corners projecting above the rest of the walk; the photographs depict such an uneven surface as to demonstrate without question the dangerous character of the sidewalk and show that its dangerous condition was readily observable. The evidence shows, and the pictures reveal the fact that parking meters were placed on the sidewalk in question, and the conclusion is inescapable that the city's agents and employees must have stumbled over the jagged pieces of concrete when gathering coins from the meters. Whether this evidence was sufficient to bring actual notice to the city within the meaning of R.C.M. 1947, section 11-1305, we need not determine. The evidence aside from the photographs was sufficient to make a case for the jury as we shall hereafter point out. The question determinative of the case was presented by Instruction Number 13 which the court gave reading:

"You are instructed that if you find that Ed Rooney, the owner of the property located at 200 and 202 First Avenue South in the City of Great Falls, Montana, called the defendant Engineer's office by telephone and advised a member of the staff of that office about the defective sidewalk located at the point of the accident, and that said defendant city had reasonable opportunity, after such telephone call, to repair said sidewalk and make it safe for public travel, that such telephone call is sufficient notice to the defendant city of the said defective condition of said sidewalk."

The record is not clear whether any objection was made by defendant to the giving of that instruction.

There was objection made to the giving of plaintiff's proposed Instruction Number 10. From the nature of the objection we

conclude that it was directed against what was given as the court's Instruction Number 13. The objection was as follows:

"Mr. Kuenning: To the giving of Plaintiff's Proposed Instruction Number 10, as amended, the defendant objects upon the ground and for the reason that said Instruction is a misstatement of the law of the State of Montana, and assumes a state of facts not shown by the record, in that the jury is thereby instructed that a telephone call to a member of the staff of the City Engineer's office, which member is unidentified in the record, is sufficient notice to the City of a defective condition, whereas, the law requires actual notice to the City, and further that the law requires notice given through an official of the City, and that such a telephone call, as is shown by the record, is not sufficient notice to the City, and that the evidence introduced in this case of any such telephone call is incompetent for any purpose, and was erroneously admitted into evidence by the Court over the objection of the defendant.

"The Instruction further instructs the jury that they may find that a member of the staff of the City Engineer's office was called on the telephone, whereas, the record does not disclose any evidence that a member of the staff of the City Engineer's office was so called."

It should be noted that the objection does not go to the point that it takes from the jury the question of the weight of the telephone conversation. It merely questions its admissibility, and assumes that notice must be given to an official of the city; a point we shall hereafter discuss.

The court was right in holding that the telephone conversation was admissible in evidence and in overruling the objection made to its Instruction Number 13.

Because of the extensive use of the telephone in transacting modern business affairs, the courts have come to the view that when a telephone is installed in an office the public is invited to transact business with the office by use of the telephone. The majority of the courts indulge the presumption or inference that the party called over the telephone who responds,

as here, as purporting to answer for the office, is in fact the person called, and that he is authorized to answer the call in the absence of a mistaken connection (and none such appears here) and in the absence of proof of an officious intermeddler. Theisen v. Detroit Taxicab & Transfer Co., 200 Mich. 136, 166 N.W. 901, L.R.A. 1918D, 715, and authorities therein cited including Wigmore, Evidence, section 2155 (1904). And, see, the cases cited in the note in 71 A.L.R. pages 13-16.

This court has not heretofore passed upon this point, but has ▮ ruled that notice to the city may be proved "by any method through competent evidence." Andrews v. City of Butte, 116 Mont. 69, 147 Pac. (2d) 1020, 1021.

Had there been objection to the instruction, on the ground that it took from the jury the question of passing upon the weight of the telephone conversation, some of the cases indicate such ruling might be error, but as above noted the objection here does not reach that point. But defendant contends that plaintiff must do more than she did, and must prove that notice was brought home to an official of the city who has authority to cause repairs to be made or who is chargeable with the responsibility of ascertaining and reporting defects to those having authority to repair within the general rule stated in 25 Am. Jur. Highways, section 443, page 735.

It is our view that plaintiff carried this burden of proof by ▮ showing that notice was telephoned to the office of the city engineer, all the employees of which the evidence shows had authority to refer all complaints regarding defective streets to the street department. The evidence also shows that the assistant city engineer handles the major part of the repair of streets and sidewalks. This burden of proof was not affected by the absence of action by the city clerk in making a record of reported defects under the statute. The only purpose of that requirement was to facilitate the means of making proof of actual notice, but such notice may be shown without any record having been made of the reported defect. There is no merit in the contentions of appellant. We again call counsel's attention to our

Rule VIII, subd. 3, relating to the preparation of transcripts on appeal, which requires an alphabetical index. Many lawyers apparently think that there is a compliance with this rule by inserting an index with the various papers listed chronologically as they appear in the transcript. Such an index leaves out of consideration the word "alphabetical." Absence of such an index always results in delay in examination of records within the meaning of subd. 8 of Rule VIII, and might well result in a dismissal of the appeal—a penalty we have decided to forego in this case.

Finding no reversible error in the record the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES and BOTTOMLY, concur.