MRS. KATHRYN J. MORRIS, Plaintiff and Appellant, v. The CITY OF DEER LODGE, Montana, a Municipal Corporation, and Deer Lodge Woman's Club, a Corporation, Defendants and Respondents.

No. 10302.

Submitted January 15, 1962. Decided February 27, 1962.

369 P.2d 30.

M. K. Daniels, argued orally, Deer Lodge, C. William Leaphart, Helena, present, for appellant.

Joseph A. McElwain, Deer Lodge, and Robert P. Ryan, Billings, appeared and argued orally for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a decision of the district court for Powell County, Montana, sustaining a motion for nonsuit and directing entry of judgment for the defendants, the City of Deer Lodge and the Deer Lodge Woman's Club.

The action was one for damages for personal injuries alleged to have been sustained by the plaintiff, Kathryn J. Mor-

ris, as the result of a fall upon a sidewalk in the City of Deer Lodge, Montana.

The amended complaint alleges: That the City of Deer Lodge is a municipal corporation; that the Deer Lodge Woman's Club is a Montana corporation; that on July 7, 1957, at approximately 10:30 P.M., the plaintiff was walking on the sidewalk in a westerly direction along the south side of Missouri Avenue, in the City of Deer Lodge, Montana; that by reason of the defective condition of the sidewalk at a point directly in front of the premises occupied by the defendant, Deer Lodge Woman's Club, the plaintiff stepped into "low spots and holes" therein, which contained mud and silt, and was caused to fall sustaining a broken hip and other injuries; that it was the duty of the defendants, the City of Deer Lodge and the Deer Lodge Woman's Club, to maintain the sidewalk in proper repair and free from defects; that the defendants failed and neglected to so maintain the sidewalk; that the defendants' failure and negligence were the proximate cause of the plaintiff's injuries; "that the defendants had actual notice of the defective condition of said sidewalk for a long time prior to said accident in that the original construction of said sidewalk was defective and was composed of sub-standard materials;" that the defendant City and its officials have had knowledge of the defective condition of the sidewalk in question "for the past ten years and longer", and that the plaintiff has suffered damages in the sum of $20,250.

The defendants demurred to the amended complaint of the plaintiff upon the ground and for the reason that it failed: to state facts sufficient to constitute a cause of action. The demurrer of the defendant, Deer Lodge Woman's Club, was sustained and the complaint as to the defendant club was by the lower court ordered dismissed. The demurrer of the defendant, the City of Deer Lodge, however, was overruled and the defendant City was given time in which to further plead. No error is predicated upon the lower court's dismissal of the amended complaint as to the defendant, Deer Lodge Woman's Club.

The defendant, the City of Deer Lodge, thereafter answered, admitting its corporate character, denying all the other allegations of the amended complaint, and alleging affirmatively the defenses of contributory negligence and assumption of risk.

■ The only question presented by this appeal is whether there was sufficient proof that the City of Deer Lodge had actual notice of the defective condition of the sidewalk and reasonable opportunity to repair it as required by R.C.M.1947, § 11-1305, which provides in part:

"Before any city or town in this state shall be liable for damages to person and/or property for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect or obstructions in any bridge, street, road, sidewalk, culvert, park, public ground, ferryboat, or public works of any kind in said city or town, *it must first be shown that said city or town had actual notice of such defect or obstruction and reasonable opportunity to repair such defect or remove such obstruction before such injury or damage was received;* the city clerk must make a permanent record of all such reported defects and shall report to the city street commissioner immediately upon notice of such defect or obstruction * * *." Emphasis supplied.

In Andrews v. City of Butte, 116 Mont. 69, 73, 147 P.2d 1020, 1021, this court said:

"* * * *The primary purpose of the statute* [now R.C.M.1947, § 11-1305] *is to assure that actual notice is to be given the city.* How that actual notice is to be given was not specified. The question in every case such as this revolves around that question of the actual notice to the city through its officials and that actual notice may be proven by any method through competent evidence." Emphasis supplied.

In Sprague v. City of Rochester, 159 N.Y. 20, 53 N.E. 697,

699, the Court of Appeals of New York, in discussing the effect of a statute similar to ours, said:

"The object of the statute in requiring notice to the city authorities of a defect in a sidewalk, as a prerequisite to a right of action to recover damages for an injury caused thereby, is to give the city a reasonable time to repair the defect and prevent any injury therefrom. *It is to protect the city from liability for imputed negligence, or negligence that is implied by law from the lapse of time and the failure to discover the defect.* \* \* \* the provision in question is not designed to protect the city against stale claims \* \* \* but to protect it against any claim based on neglect to repair *until the city has had actual notice and a reasonable opportunity to repair.*" Emphasis supplied.

Here, there is no evidence that the defendant, the City of Deer Lodge, constructed the sidewalk in question or that if it did, it did so negligently, or that the accident was occasioned by any act of the City, its officers or agents. Therefore, under the facts in this case, before the defendant City shall be liable in damages, it must first be shown that the City "had actual notice of such defect or obstruction and reasonable opportunity to repair such defect or remove such obstruction before such injury or damage was received." R.C.M.1947, § 11-1305. See also 63 C.J.S. Municipal Corporations, § 824, pp. 161-163.

The defendant City did not have actual notice. The only testimony the plaintiff produced in attempting to establish notice was that of a former street employee, Lester B. Barton. The evidence shows that Barton was employed by the City during the summer of 1955, two years prior to the accident, for the purpose of aiding the Deer Lodge Street Commissioner, Weymouth Long (who died prior to trial); that it was Barton's duty, while serving in such capacity, to patch, grade, repair, and "take care of the [Deer Lodge] streets;" that Barton and Long examined the sidewalk in question and Barton observed cracks and cross-cracks; that although the sidewalk was ":smooth

in most places," it was in need of repair; and that Barton and Long's inspection of the sidewalk in question was for the purpose of removing the curbing and widening the street in front thereof, and not for the purpose of repairing it.

Further, there is no evidence in the record to show that it was Barton's duty to repair sidewalks; that he had reported the defects he observed in the sidewalk in question to anyone; that he was charged with the duty of reporting such defects to any other officer or department of the city which made such repairs; or that the Street Commissioner, Weymouth Long, who made the inspection of the sidewalk in question with Barton, observed its defects or had any knowledge of them.

■ It is elementary that notice to an officer or employee of a municipal corporation, who has no authority to cause repairs to be made and who is not chargeable with the responsibility of ascertaining and reporting defects to those having authority to repair, is not notice to the municipal corporation. 63 C.J.S. Municipal Corporations § 833, pp. 174-175.

As a result of their official positions in the Deer Lodge city government, Chief of Police, John D. Wilson, and Mayor, Earl B. Wahl, were called by the plaintiff as adverse witnesses. Both denied any observation or knowledge of any defect in the sidewalk in question and none was or could be imputed to them.

The plaintiff failing to prove that the defendant, the City of Deer Lodge, had actual notice as required by R.C.M.1947, § 11-1305, supra, and there being no reversible error in the record, the judgment of the district court is affirmed. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and DOYLE concur.