WILLIAM MORECOCK v. GURNEY P. HOOD, Commissioner of Banks, as Liquidating Agent of the FARMERS AND MERCHANTS BANK.

(Filed 2 March, 1932.)

1. Banks and Banking H d—Depositor presenting check over counter and obtaining draft on another bank is not entitled to a preference.

The order of preference in the distribution of an insolvent bank's assets is prescribed by statute, sec. 218(c), subsec. 14, N. C. Code of 1931, and where a depositor presents his check for payment over the counter of a bank which charges his account with the amount thereof and gives him a draft drawn on another bank which he deposits in a third bank, and the draft is returned unpaid: *Held,* upon the insolvency of the bank drawing the draft the depositor is not entitled to a preference in its assets, the transaction not coming within the provisions of the statute for a preference when a bank receives a check by "mail, express or otherwise . . . with request that remittance be made therefor," the words "or otherwise" being construed in connection with the other parts of the statute meaning any mode of transportation analogous to those specified in the statute, requiring "remitting" or "sending" the money to the payee of the check.

2. Statutes B a—General words following particular words in a statute will ordinarily be confined to acts or things of same kind.

Where particular words in a statute are followed by general words the latter will be confined, ordinarily, to acts and things of the same kind, under the rule that the meaning of doubtful words may be ascertained by reference to the meaning of words with which it is associated.

Appeal by defendants from *Moore, Special Judge,* at October Term, 1931, of Halifax. Reversed.

The plaintiff alleges that on 6 January, 1931, he had on deposit to his credit in the Farmers and Merchants Bank, of Littleton, $5,340.38 and that he presented his check to the bank for this amount; that in exchange for his check the plaintiff gave him its draft on the Wachovia Bank and Trust Company, of Raleigh, for the face of his check, charging his account with this sum; that the plaintiff immediately deposited the draft given him in the Bank of Halifax, which forwarded the draft to the Wachovia Bank and Trust Company, of Raleigh, for payment and that

11—202

payment was refused; that the plaintiff duly filed his claim with the liquidating agent of the bank and is entitled to a lien on the assets for the reason that his claim is preferred to the claims of all unsecured creditors and claimants of the bank.

The defendant, Commissioner of Banks, filed a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action for a preference and lien on the assets of the bank in the hands of defendants. The demurrer was overruled, the court being of opinion that the plaintiff is entitled to the lien claimed. The defendants excepted and appealed.

*George C. Green for plaintiff.*
*John M. Picot for defendants.*

ADAMS, J. The order of preference in the distribution of the assets of an insolvent bank is prescribed in section 218(c), subsection 14, of the North Carolina Code of 1931. Preference is allowed, so far as pertinent here, on a certified check and a cashier's check in the hands of a third party as a holder for value, and on amounts due on collections made and not remitted or for which final actual payment has not been made by the bank. Subsection 14 contains this proviso: *"Provided,* that when any bank, or any officer, clerk, or agent thereof, receives by mail, express, or otherwise, a check, bill of exchange, order to remit, note, or draft for collection, with request that remittance be made therefor, the charging of such item to the account of the drawer, acceptor, indorser, or maker thereof, or collecting any such item from any bank or other party, and failing to remit therefor, or the nonpayment of a check sent in payment therefor, shall create a lien in favor of the owner of such item on the assets of such bank making the collection, and shall attach from the date of the charge, entry or collection of any such funds."

The draft on the Wachovia Bank and Trust Company was neither a certified check nor a cashier's check in the hands of a third party as a holder for value. It did not represent an amount due on unremitted collections. The appellee appeals to the proviso for confirmation of his argument that when a bank receives a check for collection "by mail, express, or otherwise" with request that remittance be made therefor, the charging of such item to the account of the drawer and the nonpayment of a check sent therefor creates a lien in favor of the owner of the item on the assets of the bank, and that the word "otherwise" implies presentation over the counter within the meaning of the clause, "When any bank, or any officer, clerk, or agent thereof receives by mail, express, or otherwise," etc.

There is no allegation in the complaint that the Farmers and Merchants Bank received the plaintiff's check by mail, express, or any analogous mode of transmission. The plaintiff "presented his check" to the bank, and thereupon, with or without his request, the bank in exchange for the check gave the plaintiff a draft on its correspondent in Raleigh. The plaintiff immediately deposited the draft in the Bank of Halifax. The transaction he had with the Farmers and Merchants Bank was entirely personal.

The proviso applies to the receipt by any bank of a check, etc., with request that *remittance,* not manual delivery, be made therefor. One of the conditions imposing liability is a failure to *remit,* or "the nonpayment of a check *sent* in payment therefor." The language excludes the idea of a direct communication when the depositor goes to the bank and personally presents his check for payment.

In his work on Legal Maxims, Broom says: "It is a rule laid down by Lord Bacon, that . . . the coupling of words together shows that they are to be understood in the same sense. And, where the meaning of any particular word is doubtful or obscure, or where the particular expression when taken singly is inoperative, the intention of the party who has made use of it may frequently be ascertained and carried into effect by looking at the adjoining words, or at expressions occurring in other parts of the same instrument, for . . . words which are ineffective when taken singly operate when taken conjointly." The maxim is, *noscitur a sociis:* the meaning of a doubtful word may be ascertained by reference to the meaning of words with which it is associated. As pointed out in *S. v. Craig,* 176 N. C., 740, 744, it is a recognized principle of statutory construction that when particular and specific words or acts, the subject of a statute, are followed by general words, the latter must as a rule be confined to acts and things of the same kind. The word "otherwise" was not intended to embrace every means by which a bank may receive a check, but only such as implies the necessity of "remitting" or "sending" the money to the drawer of the check. Under the appellee's construction it is conceivable that depositors having immediate access to an insolvent bank, instead of demanding cash which would not be paid, could call for a draft on a correspondent bank and upon its return unsatisfied could acquire a preference on the assets. To the remaining stockholders such a course would be disastrous.

Judgment

Reversed.