It was agreed that the trial judge should find the facts and enter judgment thereon. Such of these facts as are pertinent to the point of law involved are as follows:
On 7 November, 1930, the board of education drew a draft, "payable to the Central Bank and Trust Company of Asheville," and drawn upon the treasurer of Buncombe County, in the sum of $204,333.33, with attached memorandum reading as follows: "Notes due Central Hanover Bank and Trust Company, $200,000; interest on same from 12 June, 1930, at 5%, $4,333.33; total $204,333.33." Between the dates of 7 November and 15 November, the secretary of the board of education *Page 354 
presented the draft to the Central Bank and Trust Company "with instructions that said bank collect the proceeds of said warrant or draft from the treasurer of Buncombe County and transmit the same to Central Hanover Bank and Trust Company for the express and sole purpose of paying off and discharging the aforesaid $200,000 of notes with accrued interest. On 15 November, 1930, L. L. Jenkins, treasurer of the public school fund of Buncombe County, executed and delivered to the Central Bank and Trust Company a check "on the Buncombe County school fund in the sum of the aforesaid warrant or draft, and the same is stamped paid by the bank on 14 November, 1930. On 14 November, 1930, the ledger sheet of Buncombe County school fund was debited with the aforesaid check, reducing the balance of the public school fund from $376,313.49 to $171,980.16. On the same day the Central Bank and Trust Company issued its cashier's check, payable to `ourselves' in the sum of $204,333.33." This cashier's check was marked paid 19 November, 1930, and said sum was credited to the Buncombe County school fund, increasing the balance in said fund to $390,373.39. The Central Bank and Trust Company failed to transmit or cause to be transmitted to the Central Hanover Bank and Trust Company of New York City the proceeds of said check and closed its doors on 20 November, 1930. On the day it closed the bank had these items and due from other banks the sum of $144,474.85. Of this sum only $65,493.13 in cash actually came into the hands of the receiver. The bank had other unencumbered and unpledged assets of the face value of approximately $4,600,000.
Upon the foregoing findings of fact the trial judge was of the opinion that the claim of plaintiff constituted a preference and ordered that plaintiff's claim be paid out of the amount of cash actually on hand at the time of failure, to wit, the sum of $65,493.13, and that such claim did not constitute a preference to be paid out of the other general assets of the bank.
From such judgment both parties appealed.
The cashier's check described in the evidence did not constitute a statutory preference as defined by C. S., 218(c). In re Bank, ante, 143. See, also, Morecock v. Hood, Comr., 202 N.C. 321, 162 S.E. 730. Nor do the facts constitute a preference upon the trust fund theory as interpreted in Parker v. Trust Co., 202 N.C. 230, 162 S.E. 564; Williams v. Hood,Comr., ante, 140. See, also, Flack v. Hood, Comr., ante, 337.
Reversed. *Page 355