HALL, Judge.
This is an appeal from a summary judgment in favor of plaintiff, Mrs. Rose Lloyd, and against defendant, Merit Loan Company of Shreveport, Inc., for past due rent under a written lease entered into between plaintiff and defendant. The issues on appeal are whether this is an appropriate case for summary judgment and the interpretation of a particular clause of the lease.
Plaintiff filed suit against defendant to recover past due rent covering the period from June, 1969, through November, 1969, in the amount of $1,724.10, plus legal interest and $2,500.00 attorney’s fees. The petition alleges (1) that plaintiff leased certain property to defendant for a term beginning December 1, 1966, and ending November 30, 1969, by written lease, a copy of which is attached to the petition; (2) that on February 17, 1969, defendant gave notice to plaintiff that it was canceling the lease under the provisions of Paragraph 23 of the lease, effective March 1, 1969, with rent to be paid through May 1, 1969; (3) that defendant removed most but not all of its possessions from the leased premises and (4) that the rent for June, July, August, September, October and November, 1969, has not been paid.
Defendant answered alleging that conditions existed that made it unprofitable for it to carry on its business in the leased premises, that it lost its Louisiana small loan license and that under Paragraph 23 of the lease, it had the right to cancel the lease on ninety days notice for these reasons. Paragraph 23 of the lease provides:
“ADVERSE LAW, etc.
23. It is agreed by and between the parties hereto that if during the term of this lease or any extension or renewal thereof, any law, decision, regulation or condition exists, continues or is made effectual in this City, State, or Nation, which in the judgment of the LESSEE adversely affects or makes it unprofitable for the LESSEE to carry on its business in these premises, or in the event the LESSEE shall be unable to secure a license or authority from the appropriate authorities to engage in the loan business at the leased premises, whether under the Small Loan Laws of this state or otherwise, or in the event such license or authority once issued is subsequently revoked, then in any such event this lease may be cancelled by the LESSEE by serving a ninety (90) day written notice of cancellation on the LESSOR or her authorized agent, and LESSEE shall not be liable for any installments of rent accruing after the effective date of cancellation contained in said notice.”
From answers to interrogatories and from defendant’s brief, it appears that the small loan license was actually lost after the lease was canceled by defendant because defendant ceased to have an office in the leased premises. Defendant is now relying solely on the existence of unfavorable *429 economic conditions as a valid reason for canceling the lease under Paragraph 23 thereof.
Plaintiff filed a petition for summary judgment as to the claim for rent and interest thereon, alleging that there is no genuine issue as to material fact and that as a matter of law plaintiff is entitled to judgment. Defendant answered alleging that there are serious issues of fact which can be decided only at a trial on the merits and that it has evidence as to the “condition” adversely affecting its business, as to the unprofitability of its business, and as to which party drafted the lease.
The district court granted summary judgment in favor of plaintiff, holding that there was no genuine issue of material fact and that the word “condition” in Paragraph 23 of the lease means a condition brought about by action of the city, state or nation and does not include economic conditions as contended by defendant.
Defendant has appealed from this adverse judgment.
It is our opinion that Paragraph 23 of the lease does not give defendant the right to cancel the lease because of the existence of “any” condition or because of the existence of unfavorable “economic” conditions. The word “condition” must be read in context with the other words of the paragraph and in such context refers to conditions in the nature of laws or law-like conditions. Applying the doctrines of “ejusdem gen-eris” and “noscitur a sociis”, we hold that it was not intended by the parties that the word “condition” as used in Paragraph 23 of the lease include just any condition or unfavorable economic conditions making the lessee’s business unprofitable.
The principles of law governing interpretation of contracts applicable here are well-stated in Anderson v. Indiana Lumbermens Mutual Ins. Co., 127 So.2d 304 (La. App. 2d Cir. 1961):
“LSA-Civil Code, art. 1955 providing that ‘all clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act’ appears to be a statement of the ‘ejusdem generis’ rule of construction, concerning which Black’s Law Dictionary states:
‘In the construction of laws, wills, and other instruments, the ‘ejusdem generis rule’ is, that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. Black, Interp. of Laws, 141; Goldsmith v. United States, C.C.A.N.Y., 42 F.2d 133, 137; Aleksich v. Industrial Accident Fund, 116 Mont. 69 [127], 151 P.2d 1016, 1021. The rule, however, does not necessarily require that the general ■ provision be limited in its scope to the identical things specifically named. Nor does it apply when the context manifests a contrary intention.
‘The maxim ‘ejusdem generis’ is only an illustration of the broader maxim, ‘noscitur a sociis’. State v. Western Union Telegraph Co., 196 Ala. 570, 72 So. 99, 100.’
“And, in defining the phrase, ‘noscitur a sociis’, as used in the aforesaid definition, the following explanation and definition are given:
‘It is known from its associates, 1 Vent. 225. The meaning of a word is or may be known from the accompanying words. 3 Term R. 87; Broom, Max. 588. Morecock v. Hood, 202 N.C. 321, 162 S.E. 730, 731; Louis Pizitz Dry Goods Co. v. Fidelity & Deposit Co. of Maryland, 223 Ala. 385, 136 So. 800, 801.
‘The doctrine means that general and specific words are associated with and take color from each other, restricting *430 general words to sense analogous to less general. Dunham v. State, 140 Fla. 754, 192 So. 324, 325, 326.’ ”
In view of our conclusion as to the correct interpretation of Paragraph 23 of the lease, evidence as to economic conditions, unprofitability of defendant’s business, or as to which party drafted the lease would not be material. There being no genuine issue of material fact, this is an appropriate case for summary judgment.
The judgment of the district court is affirmed at appellant’s cost.
Affirmed.