# EMERGENCY RELIEF REQUESTED

No. _____

---

## IN THE COURT OF
## CRIMINAL APPEALS, TEXAS

---

## IN RE JASON CHILDRESS,

### PETITIONER

---

## PETITON FOR WRIT OF HABEAS CORPUS

---

**On Petition For A Writ Of Habeas Corpus**
**To The Texas Court of Criminal Appeals From Cause No. 2014CR1548**
**From The Comal County Court At Law #2 of Comal County, Texas**
**(Charles A. Stephens II)**

**IDENTITY OF PARTIES**

Petitioner, Jason Childress, certifies that the following is a complete list of the names and addresses of all parties.

Petitioner:                                                  Jason Childress

Sui Juris in Trial Court,

                                                             9141 Gristmill Ct.
                                                             Fort Worth, Texas


Respondent:                                                  Charles A. Stephens II
                                                             County Court At Law #2
                                                             Comal County Courthouse Annex
                                                             150 N. Seguin, Ste. 301
                                                             New Braunfels, TX 78130

Interested Party:                                            Abigail Whitaker
                                                             Comal County District Attorney's Office
                                                             Comal County Courthouse Annex
                                                             150 N. Seguin Ave. Ste. 307
                                                             New Braunfels, Texas 78130

**TABLE OF CONTENTS**

**Page**

IDENTITY OF PARTIES.................................................................................. ii

TABLE OF CONTENTS................................................................................. iii

INDEX OF AUTHORITIES............................................................................ iv

STATEMENT OF THE CASE......................................................................... ix

STATEMENT OF JURISDICTION................................................................ ix

ISSUES PRESENTED................................................................................... ix

STATEMENT OF FACTS............................................................................... 1

ARGUMENT................................................................................................. 2

   HABEAS RELIEF IS PROPER................................................................ 2

 I. POWER TO RESTRAIN...................................................................... 2

 II. MANNER OF RESTRAINT................................................................. 3

 III. ISSUES THAT BAR PROSECUTION AND CONVICTION.......................... 9

   A. Sec. 38.02 IS INAPPLICABLE UNDER THE CIRCUMSTANCES....................... 9

   B. WITNESSES DISQUALIFIED........................................................... 12

REQUEST FOR RELIEF................................................................................ 14

VERIFICATION........................................................................................... 15

CERTIFICATE OF SERVICE......................................................................... 16

APPENDICES ............................................................................................. 17

(Appendix is separate, incorporated herein in its entirety for all purposes, and is being used as an Appendix for this Petition for Writ of Hebeas Corpus and Petition for Writ of Mandamus)

# INDEX OF AUTHORITIES

## Legal Maxims & Doctrines

Doctrine of Acquiescence.................................................................................... 3

Ejusdem Generis................................................................................................. 11

Expressio unius est exclusio alterius.................................................................. 11

Jus ex injuria non oritur..................................................................................... 14

Lex citius tolerare vult privatum damnum quam publicum malum.................... 14

Nemo punitur pro alieno delicto......................................................................... 7, 14

Noscitur a Sociis................................................................................................ 11

Nullus commodum capere potest de injuri su propri.......................................... 8, 14

Ubicunque est injuria, ibi damnum sequitur....................................................... 8, 14

Qui non negat, fatetur......................................................................................... 3

## Legal Encyclopedia

Corpus Juris Secundum,
    2d Vol. 7 section 25..................................................................................... 13

## Federal Cases

Armstrong v. Manzo,
    380 U.S. 545 (1965)..................................................................................... 8

Central Pacific Railway Co. v. Alameda County,
    284 U.S. 463 (1932)..................................................................................... 4

Conley v. Gibson,
    355 U.S. 41 at 48 (1957).............................................................................. 13, 14

Davis v. Wechler,
    263 U.S. 22................................................................................................... 13

Georgia v. South Carolina,

497 U.S. 376 (1990)............................................................................................. 4

Goldsmith v. U. S.,
      C.C.A.N.Y., 42 F.2d 133........................................................................... 11

Grannis v. Ordean,
      234 U.S. 385, 394................................................................................... 9

Haines v Kerner,
      404 U.S. 519 (1972)................................................................................ 13

In re Eagle Bus Mfg.,
      62 F.3d. 730, 735 (5th Cir. 1995)............................................................ 7

In re Gault,
      387 U.S. 1 (1967)................................................................................... 8

Jenkins v. McKeithen,
      395 U.S. 411, 421 (1959)....................................................................... 13

Maty v. Grasselli Chemical Co.,
      303 U.S. 197 (1938)............................................................................... 13

Medical Center, Inc.,
      485 U.S. 80 (1988)................................................................................. 9

Mullane v. Central Hanover Bank & Trust Co.,
      339 U.S. 306, 314 (1950)....................................................................... 8

NAACP v. Alabama,
      375 U.S. 449......................................................................................... 13

Peralta v. Heights Medical Center, Inc.,
      485 U.S. 80 (1988)................................................................................. 9

Picking v. Pennsylvania Railway,
      151 F.2d. 240, Third Circuit Court of Appeals....................................... 13

Plaskey v. CIA,
      953 F.2nd 25........................................................................................ 13

Puckett v. Cox,
      456 F. 2d 233 (1972) (6th Cir. USCA)................................................... 13

Robinson v. Hanrahan,
    490 U.S. 38 (1972)................................................................................ 7

Stromberb v. California,
    283 U.S. 359........................................................................................ 13

**State Cases**

Aleksich v. Industrial Accident Fund,
    116 Mont. 69, 151 P.2d 1016.............................................................. 11

Browning v. Placke,
    698 S.W.2d. 362 (Tex. 1985) (orig. proceeding)................................ 10

Bruneio v. Bruneio,
    890 S.W.2d 150, 155 (Tex. Civ. App. 1994, no writ)......................... 6

Burgin v. Forbes,
    293 Ky. 456, 169 S.W.2d 321............................................................ 11

Cliff v. Huggins,
    724 S.W.2d 778, 780 (Tex.1987)..................................................... 6, 7

DeLeon v, Periman,
    530 S.W.2d 174 (Tex. Civ. App. 1975)............................................... 4

Delgado v. Hernandez,
    951 S.W.2d 97, 99 (Tex. Civ. App. 1997, no writ)............................

Dunham v. State,
    140 Fla. 754, 192 So. 324, 325, 326.................................................. 11

Ex parte Gordon,
    584 S.W.2d. 686, 688 (Tex. 1979)...................................................... 5

Ex parte Smith,
    178 S.W.3d 797 (Tex. Crim. App. 2005).............................................. 3

Fazio v. Pittsburgh Rys. Co.,
    321 Pa. 7, 182 A. 696........................................................................ 11

Hidalgo County Water Improvement District No.2 v. Blalock,
    301 S.W.2d 593 (1957)....................................................................... 4

In re Aguilera,
      37 S.W.3d. 43, 47 (Tex. Civ. App. 2000, no pet.)................................................................ 5

IN RE BOURG,
      Tex. Civ. App. (2008)....................................................................................... 5

In re Castro,
      998 S.W.2d. 925, 927 (Tex.Civ. App. 1999. no pet.)....................................................... 5

Little v. Town of Conway,
      171 S.C. 27, 170 S.E. 447...................................................................................... 11

Louis Pizitz Dry Goods Co. v. Fidelity & Deposit Co. of Maryland,
      223 Ala. 385, 136 So. 800, 801............................................................................... 11

Mapco, Inc. v. Forrest,
      795 S.W.2d 700 (Tex. 1990  orig. proceeding).............................................................. 9

Morecock v. Hood,
      202 N.C. 321, 162 S.E. 730.................................................................................... 11

Newblock v. Bowles,
      170 Oki. 487, 40 P.2d 1097.................................................................................... 11

People v. One 1941 Ford 8 Stake Truck, Engine No. 99T370053, License No. P.8410, Cal.,
      159 P.2d 641..................................................................................................... 12

Platt v. Platt,
      991 S.W.2d. 481 (Tex. Civ. App. 1999)............................................................... 5, 6

Rozsa v. Jenkinson,
      754 S.W.2d. 507, (Tex. Civ. App. 1988)................................................................... 7

Sanchez v. Hester,
      911 S.W.2d. 173 – Tex. Civ. App. (1995)............................................................. 9, 10

Saslaw v. Weiss,
      133 Ohio St. 496, 14 N.E.2d 930............................................................................. 11

State v. Owens,
      907 S.W.2d. 484 (Tex. 1995) (per curiam)................................................................ 10

State v. Western Union Telegraph Co.,
      196 Ala. 570, 72 So. 99, 100.................................................................................. 11

Thomas v. Miller,
    906 S.W.2d. 260 (Tex.App.-Texarkana 1995) (orig. proceeding).................................. 10

Thomas v. Ray,
    889 S.W.2d 237, 238 (Tex.1994)............................................................................. 6

Withrow v. Schou,
    13 S.W.3d. 37 (Tex. Civ. App. 1999)....................................................................... 7

**State Constitution and Rules**

Texas Code of Criminal Procedure,
    Art. 4.04................................................................................................................. x

Texas Code of Criminal Procedure,
    Art. 11.01............................................................................................................... x

Texas Code of Criminal Procedure
    Art. 11.05............................................................................................................... x

Texas Code of Criminal Procedure,
    Art. 14.01............................................................................................................... 12

Texas Code of Criminal Procedure,
    Art. 14.03............................................................................................................... 12

Texas Constitution
    Art. V, Sec. V (c).................................................................................................... x

Texas Penal Code,
    Sec. 1.07 (a) (38).................................................................................................... 11

Texas Penal Code,
    Sec. 38.01 (5).......................................................................................................... 12

Texas Penal Code,
    Sec. 38.02 (a) (d) (1)................................................................................ 10, 11, 12, 13

## STATEMENT OF THE CASE

**Underlying Proceeding**:

A criminal action brought against Petitioner by IDA PANIAGUA for the alleged offense "INTENTIONALLY REFUSE TO GIVE HIS NAME, DATE OF BIRTH AND ADDRESS TO JAMES BELL."

**Respondent**:

Charles A. Stephens II, Comal County Court At Law 2, of COMAL COUNTY, TEXAS.

**Respondent's Action For Which Petitioner Seeks Relief**:

Charles A. Stephens II, entered an order instructing the clerk of the Comal County Court At Law 2 to issues a capias warrant, which has been issued, for Petitioner in absence of Due Process, unconstitutionally restraining him.

**Prior Petitions**:

This is an Original Proceeding.

## STATEMENT OF JURISDICTION

This court, pursuant to the Texas Constitution Art. V, Sec. V (c) and the Texas Code of Criminal Procedure, Ch. 4, Art. 4.04 and Ch. 11., Art. 11.01 and 11.05 has jurisdiction to consider and grant this Petition and to issue a Writ of Habeas Corpus.

## ISSUES PRESENTED

1. Does the trial court have power to restrain Petitioner? (No)

2. Has the manner of restraint of Petitioner occurred in absence of Due Process? (Yes)

3. Are there issue which bar prosecution and conviction of Petitioner for the alleged criminal charge against him? (Yes)

## STATEMENT OF FACTS

On September 4, 2014, Petitioner was unlawfully arrested, unlawful searched and had his property seized unlawfully by officers of/for the NEW BRAUNFELS POLICE DEPARTMENT (NBPD).

On September 12, 2014, Petitioner was coerced into signing a "PR BOND" (**Apx. Tab B**) displaying an incorrect address for Petitioner. Petitioner was coerced in that the jailer whom presented the "PR BOND" threatened to leave Petitioner in jail for another two weeks if he refused to sign. Petitioner signed the "PR BOND" in order to expedite his release from his unlawful imprisonment, as Petitioner could inform the trial court that the address displayed on the "PR BOND" is incorrect and provide it with a correct one for purposes of service of notice or any other correspondences.

On September 29, 2014, via letter **(Apx. Tab C)**, Petitioner informed the trial court that it had an incorrect address for Petitioner on file and provided it with both Petitioner's current location and address to which notices of any hearings or any other correspondences should be sent to in order for him to receive them.

On March 3, 2015, Petitioner began checking the online records for the trial court because he had received no correspondences or notices of hearings. On that same day, Petitioner discovered via online records that the trial court had failed or neglected to correct the incorrect address it had on file (**Apx. Tab D**), that a "COMPLAINT (OCA)" (**Apx. Tab E**) and a "NOTICE RETURNED" (Notice) (**Apx. Tab F**) had been filed into the trial court on December 15, 2014 and January 26, 2015, respectively, and than an "Arraignment" (see **Apx. Tab D**) had taken place circa February 3, 2015. Petitioner further discovered than an "AFFIDAVIT/FAILURE TO APPEAR" (**Apx. Tab G**), an "ORDER FOR ARREST-FAILURE

TO APPEAR" (Order) (**Apx. Tab H**) and a "CAPIAS-FAILURE TO APPEAR" (Capias) (**Apx. Tab I**) had also been filed into the trial court on February 20, 2015, February 26, 2015, and March 2, 2015, respectively.

## ARGUMENT

"A [petitioner] may use a pretrial writ of habeas corpus only in very limited circumstances. First, the accused may challenge the State's power to restrain him at all. Second, the accused may challenge the manner of his pretrial restraint []. Third, the accused may raise certain issues which, if meritorious, would bar prosecution or conviction. *Ex parte Smith*, 178 S.W.3d 797 (2005).

### I. POWER TO RESTRAIN

The trial court is without subject matter, personal, political or civil contractual jurisdiction over the underlying cause to the instance case, therefore, is without power to restrain Petitioner. The lack of the aforementioned jurisdictions are set forth, challenged, and explained in further detailed in Petitioner's "AFFIDAVIT OF COUNTERCOMPLAINT," (Countercomplaint) (see **Apx. Tab K**) attached hereto and incorporated herein it its entirety for all purposes. The lack of the aforementioned jurisdictions are set out and explained in detail specifically in Sections IV. – VIII. of Petitioner's Countercomplaint (**Apx. Tab K**). Petitioner's averments have been received by all involved and interested parties, evidenced by Return Receipts (see **Apx. Tab N, O, P, & Q**) attached hereto and incorporated herein for all purposes and said Receipts have been filed into the trial court's record. Petitioner's sworn averments within his Countercomplaint are unchallenged, unrebutted and unrefutted, and pursuant to the Doctrine of Acquiescence, silence by the involved and interested parties constitutes their agreement with Petitioner's sworn averments.

### Doctrine of Acquiescence

Under the Doctrine of Acquiescence as well as the Maxim in Law which states

that "silence shows consent" 6 Barb. [N.Y.] 2B, 35. Qui non negat, fatetur and "He who does not deny, agrees," (Trayner, Maxim 503), the Appellee's silence constituted their agreement with the Appellants' arbitration proposal terms and conditions under the legal Doctrine of Tacit Procuration.

The common law doctrine of estoppel by acquiescence is applied when one party gives legal notice to a second party of a fact or claim, and the second party fails to challenge or refute that claim within a reasonable time. The second party is said to have acquiesced to the claim, and is estopped from later challenging it, or making a counterclaim. The doctrine is similar to, and often applied with, estoppel by laches

This occurred in the second Georgia v. South Carolina[1] case before the U.S. Supreme Court in 1990, when it was ruled that Georgia could no longer make any claim to an island in the Savannah River, despite the 1787 Treaty of Beaufort's assignment to the contrary. The court said that the state had knowingly allowed South Carolina to join the island as a peninsula to its own coast by dumping sand from dredging, and to then levy property taxes on it for decades. Georgia thereby lost the island-turned-peninsula by its own acquiescence, even though the treaty had given it all of the islands in the river (see adverse possession

Silence is acquiescence (aka. silent acquiescence and acquiescence by silence) is a related doctrine that can mean, and have the legal effect, that when confronted with a wrong or an act that can be considered a tortuous act, where one's silence may mean that one accepts or permits such acts without protest or claim thereby loses rights to a claim of any loss or damage.[2]

Further, pursuant to the Doctrine of Stare Decisis, Petitioner's "...unchallenged averments are accepted as true." _DeLeon v. Periman_, 530 S.W.2d 174 (Tex.App.-Amarillo (1975)); quoting

_Hidalgo County Water Improvement District No.2 v. Blalock_, 157 Tex. 206, 301 S.W.2d 593, 596

(1957). Petitioner's averments that the trial court is without jurisdiction have been agreed to by

all involved and interested parties and are accepted as true under Texas Common Law. In

absence of the subject matter, personal, political and civil contractual jurisdiction, the trial court

is without power to restrain Petitioner in relation to the underlying case to the instant case.

## II. MANNER OF RESTRAINT

---

1 Georgia v. South Carolina - 497 U.S. 376 (1990)
2 U.S. Supreme Court Central Pacific Railway Co. v. Alameda County, 284 U.S. 463 (1932)

Even if the trial court had jurisdiction over the underlying cause to the instant case and power to restrain Petitioner, the manner in which his restraint has taken place has clearly manifested through a denial of due process, in that Petitioner was not provided notice of the hearing from which his restraint stems from.

An Order (**Apx. Tab H**) for "FAILURE TO APPEAR" was issued by Respondent on February 26, 2015. On March 2, 2015, the Clerk or a deputy therefor, of/for the trial court issued a Capias (**Apx. Tab I**) for Petitioner. "Issuance of a capias is a sufficient restraint of liberty to justify habeas corpus relief." *In re Aguilera*, 37 S.W.3d. 43, 47 (Tex.App.-El Paso 2000, no pet.) As of yet, Petitioner has not been taken taken into custody pursuant to Order and Capias.

"A habeas corpus petition is a collateral attack on a judgment, the purpose of which is not to determine the final guilt or innocence of the [petitioner], but to ascertain whether the [petitioner] has been [restrained] unlawfully. *Ex parte Gordon*, 584 S.W.2d. 686, 688 (Tex. 1979). The restraint of Petitioner by the trial court is unlawful due to the fact that the Order was made and the Capias was issued in absence of due process. "A writ of habeas corpus will issue if [] the court deprives the [petitioner] of liberty without due process of law." *In re Castro*, 998 S.W.2d. 925, 927 (Tex.App.-Houston [1st Dist.] 1999. no pet.). A writ of habeas corpus is proper and should issue due to the fact that Petitioner is being deprived of his liberty without due process of law.

> "A [petitioner] bears the burden of showing that []he is entitled to relief." Turner,
> 177 S.W.3d at 288 (citing Occhipenti, 796 S.W.2d. At 808-09.)" *IN RE BOURG*,
> Tex: Court of Appeals, 1st Dist. 2008.

The court administrator of/for the trial court erred by mailing the notice of the hearing from which the Order and Capias stem to the wrong address even though the court had been notified before the notice was sent, that the address it had on file was incorrect and had been

provided with, and was in possession of, Petitioner's exact location and correct address. "[T]he trial court erred when it [] failed to send notice of the hearing to [Petitioner's] address on file with the court." *Platt v. Platt*, 991 S.W.2d. 481 (1999).

Petitioner had notified the court via letter (see **Apx. Tab C**) sent on September 19, 2014, which was received and filed into the trial court record on October 3, 2014, as a part of the "MEMORANDUM (see **Apx. Tab D**) that the address it had on file (see **Apx. Tab B** and **E**) was incorrect; that Petitioner had not lived at the incorrect address in a number of years; and, he provided not only his current location– DALLAS COUNTY JAIL, but also the address to which notice should be sent in order for him to receive it, if notice was not sent directly to the DALLAS COUNTY JAIL.

"[T]the law presumes that a trial court will hear a case only after proper notice to the parties. To rebut this presumption, [petitioner] has the burden to affirmatively show a lack of notice by affidavit or other competent evidence." *Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex.App.-Corpus Christi 1994, no writ). Petitioner has shown to the trial court, and now shows this court, via affidavit (see **Apx. Tab J**, pg.5, #100. and **Apx. Tab K**, p.34 - 35, #77. - 78.) that he was not provided notice of the hearing from which the Order and Capias stem. Further, Petitioner provides this court with competent evidence (see **Apx. Tab C & F**) that he was not provided notice of the hearing from which the Order and Capias stem.

"In the instant case, the record shows that notice of [the] hearing [] was mailed to the wrong address. That a document was mailed creates a rebuttable presumption that it was received." *Platt v. Platt*, 991 S.W.2d 481 (1999) quoting *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex.1994). Similarly, in the underlying cause to the instance case, the trial court's record shows that notice was mailed to the wrong address (see **Apx. Tab C & F**). "When [Petitioner] filed [his]

affidavit stating that []he did not receive the notice, the presumption was rebutted." (see **Apx. Tab K**, p. 34 – 35, #77. – 78.) "The presumption of receipt is not evidence and vanishes when opposing evidence is introduced showing that the notice was not received." _Cliff v. Huggins_, 724 S.W.2d 778, 780 (Tex.1987).

> "The error and invalidity of the trial court's judgment affirmatively appears on the face of the record [see **Apx. Tab D & F**] in the that wrong address for [Petitioner] is typed on the notice []. Additionally, the records shows that [the trial court] had access to [Petitioner's] correct address [] [see **Apx. Tab C**]. Therefore, the notice was not sent to [Petitioner's] "last known address. _Rozsa v. Jenkinson_, 754 S.W.2d. 507 (Tex.App.-San Antonio 1988)

> "The [trial court] mailed notice of the pending [] proceeding, not to the jail facility [or the address provided by Petitioner], but to [an incorrect] address [] listed in the records of the [trial court]." _Robinson v. Hanrahan_, 490 U.S. 38 (1972) "[T]he manner of notice did not comport with the requirements of the Due Process Clause of the Fourteenth Amendment. (Id.) "The [trial court] knew that [petitioner] was not at the address to which notice was mailed and, moreover, knew also that [petitioner] could not get to that address since he [no longer lived there]. Under these circumstances, it cannot be said the the [trial court] made any effort to provide notice which was 'reasonably calculated" to apprise [petitioner] of the pendency of the [] proceedings." (Id.)

Either the Clerk or a deputy therefor, failed to correct the mistake in the court's files or the court administrator intentionally sent notice to the wrong address.

> "The notice was returned undelivered to the trial court on [or about January 27, 2015], with the notation "Return to Sender [Not Delivered As Addressed Unable To Forward (see **Apx. Tab F**)]" _Withrow v. Schou_, 13 S.W.3d. 37 (Tex.App.-Houston 1999). "[I]f [Petitioner] [had failed] to notify the clerk in writing of a [correct] address, [] then there is no 'due process' argument..." (Id.) "Federal courts have held in various contexts that mailing notice of settings by first-class mail is constitutionally sufficient as long as the government acts reasonable under the circumstances, even if the intended recipient of the notice never receives it. See In re Eagle Bus Mfg., 62 F.3d. 730, 735 (5th Cir. 1995)" (Id.) "There is imposed 'a responsibility on the [party] to be notified to keep the court and parties apprised of their correct and current address.'" [T]he record indicates [Petitioner] notified the court of [the correct] address." (Id.)

The trial court had been notified that the address it had on file (see **Apx. Tab B**) was

incorrect and it was in fact notified and in possession of the correct address (see **Apx. Tab C**) to which service was to be made, therefore, Petitioner cannot be faulted and restrained in his liberty for the mistakes or wrongs of the clerk or deputy therefor, or court administrator; *Nemo punitur pro alieno delicto.* "No one is to be punished for the crime or wrong of another."; *Nullus commodum capere potest de injuri su propri.* "No one shall take advantage of his own wrong. Co. Litt. 148."* *Ubicunque est injuria, ibi damnum sequitur.* Where ever there is a wrong, there damages follow. 10 Co. 116." Petitioner has been denied due process in that he was not provided notice of the hearing from which the Order and Capias stem.

> "It is clear that failure to give the petitioner notice of the pending proceedings violates the most rudimentary demands of due process of law. Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require the deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case. Mullane v. Central Hanover Tr. Co., 339 U.S. 306, at 313." <u>*Armstrong v. Manzo*</u>, 380 U.S. 5454 – Supreme Court 1965.

As has been stated and demonstrated by Petitioner herein, and the Appendices attached hereto and incorporated herein, he has denied due process in that he was not given notice of the hearing from which the Order and Capias stem. Further, even if Petitioner had received notice, it does not set out the alleged misconduct with particularity specifically pertaining to the alleged offense alleged to have been committed by Petitioner which made basis for his arrest and creating an obligation to provide any information to the officers of/for the NBPD. In absence of the alleged misconduct, even if Petitioner would have received the notice it would not have been in compliance with due process requirements.

> "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.' " <u>*In re Gault*</u>, 387 U.S. 1, Supreme Court 1967. Due process of law requires notice

of the sort we have described – that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which [] freedom [is] at stake without giving [] timely notice, in advance of the hearing, of the specific issues that must be met. Nor, in the circumstances of this case, can it reasonable be said that the requirement of notice was waived. (Id.)

Petitioner was neither given notice, nor afforded opportunity to present objections to the allegation(s) made against him. Petitioner cannot be expected to be able object to allegations not made known to him.

"Service of process is the way in which the defendant gets notice of the claim against him and its allegations. The Supreme Court has held that due process requires "notice reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

As a result of Petitioner not being provided notice of the hearing from which the Order and Capias stem, the Order is constitutionally infirm, invalid and null and void, likewise is the Capias. Further, a failure to set forth the alleged misconduct with particularity in said notice (see **Apx. Tab F**), the Order and Capias are constitutionally infirm, invalid and null and void.

"'[U]nder our cases, a judgment entered without notice or service is constitutionally infirm.' An elementary and fundamental requirement of due process in any proceeding is notice reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988)); quoting Mullane v. Central Hanover Bank & Trust Co. "Failure to give notice violates the most rudimentary demands of due process" (Id.)

Petitioner was further denied due process in that he was denied the opportunity to be heard, as a result of not being provided notice of the hearing from which the Order and Capias stem. "A fundamental requirement of due process is the 'opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394.

[V]oid orders may be circumvented by collateral attack[]. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding)." <u>*Sanchez v. Hester*</u>, 911 S.W.2d. 173 – Tex: Court of Appeals, 13th Dist. 1995. As stated supra, this petition is, inter alia, a collateral attack on the Order and Capias, and same are void as a result of Petitioner being denied Due Process resulting from a failure to provide notice and to set forth therein with particularity the alleged misconduct, resulting in the court failing to secure personal jurisdiction over Petitioner for purposes of the hearing from which the Order and Capias stem. "[T]he position adopted by the Texas Supreme Court reflects the principle under Texas law that the orders of a court with no jurisdiction over the parties or property are void." See *State v. Owens*, 907 S.W.2d. 484, 485 (Tex. 1995) (per curiam); *Thomas v. Miller*, 906 S.W.2d. 260 (Tex.App.-Texarkana 1995) (orig. proceeding); see also *Browning v. Placke*, 698 S.W.2d. 362, 363 (Tex. 1985) (orig. proceeding) (comparing void and voidable judgments) <u>*Sanchez v. Hester*</u>, supra.

## II. ISSUES THAT BAR PROSECTION AND CONVICTION

As stated and demonstrated supra, and by the Appendices attached hereto, and by the silence of all involved and interested parties thereto, the trial court is without jurisdiction over the underlying cause to the instant case. Without jurisdiction, the trial court is without power to hear the underlying cause to the instant case and the prosecutor for the state and,or county, ABIGAIL WHITAKER (Whitaker), is barred form prosecution and conviction of Petitioner for the criminal allegation and cause against him. Even if the trial court had jurisdiction, the allegation made against Petitioner is inapplicable thereto, under the circumstances.

### A. Sec. 38.02. IS INAPPLICABLE UNDER THE CIRCUMSTANCES

T.P.C. Sec. 38.02. FAILURE TO IDENTIFY.

(a) A "**person**" commits an offense if he intentionally refuses to give his name,

residence address, or date of birth to a peace officer who has <u>lawfully arrested</u> the "**person**" and requested the information.

(d) If it is shown on the trial of an offense under this section that the defendant was a "**fugitive from justice**" at the time of the offense, the offense is:
      (1) a Class B misdemeanor if the offense is committed under Subsection (a); or

T.P.C. Sec. 1.07. DEFINITIONS. (a) In this code:
(38) "Person" means an individual, corporation, or association.

The legal term "Person" falls under the following Doctrines of Statutory Interpretation used by both the federal congress and state legislatures in drafting legislation, as well as the federal and state judiciary departments to interpret legislation passed into law by the federal congress and state legislatures:

**Ejusdem Generis**: Of the same kind, class, or nature. In the <u>construction of laws,</u> wills, and other instruments, the "ejusdem generis rule" is, that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. Black, Interp. of Laws, 141; Goldsmith v. U. S., C.C.A.N.Y., 42 F.2d 133, 137; Aleksich v. Industrial Accident Fund, 116 Mont. 69, 151 P.2d 1016, 1021. The rule, however, does not necessarily require that the general provision be limited in its scope to the identical things specifically named. Nor does it apply when the context manifests a contrary intention. The maxim "ejusdem generis," is only an illustration of the broader maxim, "noscitur a sod's." State v. Western Union Telegraph Co., 196 Ala. 570, 72 So. 99, 100. Black's Law, 4th Ed.

**Noscitur a Sociis**: It is known from its associates. 1 Vent. 225. The meaning of a word is or may be known from the accompanying words. 3 Term R. 87; Broom, Max. 588. Morecock v. Hood, 202 N.C. 321, 162 S.E. 730, 731; Louis Pizitz Dry Goods Co. v. Fidelity & Deposit Co. of Maryland, 223 Ala. 385, 136 So. 800, 801. The doctrine means that <u>general and specific words are associated with and take color from each other</u>, restricting general words to sense analogous to less general. Dunham v. State, 140 Fla. 754, 192 So. 324, 325, 326. Black's Law, 4th Ed.

**Expressio unius est exclusio alterius**: <u>Expression of one thing is the exclusion of another</u>. Co.Litt. 210a; Burgin v. Forbes, 293 Ky. 456, 169 S.W.2d 321, 325; Newblock v. Bowles, 170 Oki. 487, 40 P.2d 1097, 1100. <u>Mention of one thing</u>

implies exclusion of another. Fazio v. Pittsburgh Rys. Co., 321 Pa. 7, 182 A. 696, 698; Saslaw v. Weiss, 133 Ohio St. 496, 14 N.E.2d 930, 932. <u>When certain persons or things are specified, in a law</u>, contract, or will, <u>an intention to exclude all others from its operation may be inferred</u>. Little v. Town of Conway, 171 S.C. 27, 170 S.E. 447, 448. Under this maxim, if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded, People v. One 1941 Ford 8 Stake Truck, Engine No. 99T370053, License No. P.8410, Cal., 159 P.2d 641, 642. Black's Law, 4th Ed.

Sec. 38.01. DEFINITIONS. In this chapter:
(5) "Fugitive from justice" means a person for whom a valid arrest warrant has been issued.

As stated in Petitioners Countercomplaint (see **Apx. Tab K** pg.73 - 76, #168. - 171.), he is not a "Person," rather, he is a member of the people. Petitioner is neither a "Person," nor was he a "Fugitive from justice" and there is no evidence to the contrary.

In order for Sec. 38.02 (a) to be applicable, a "person" must first be "lawfully arrested" before the "person" is required to "give his name, residence address, or date of birth." Petitioner is not a "person," even if he is or was at the time, he was not lawfully arrested as he had not committed an offense classed as a felony or as an offense against the public peace, or any other offense, in the presence or within view of any of the officers (see Tex. C. Crim. Proc., Art. 14.01 & 14.03) of/for the NBPD involved in Petitioner's unlawful arrest. In fact, when the officers of/for the NBPD arrived, Petitioner was being assaulted (see **Apx. Tab J**). Without committing the aforementioned offenses in the presence or within view of those officers, Petitioner's arrest was unlawful. Being that Petitioner had committed no offense and was unlawfully arrested, he was not required to provide any identifying information contemplated within Sec. 38.02 to any of the officers of/for the NBPD involved in his unlawful arrest, therefore, Sec. 38.02 is inapplicable to Petitioner under the circumstances. Further, Whitaker cannot prove beyond a reasonable doubt that the alleged offense Petitioner is accused of occurred while the officers of/for the NBPD were

in the lawful discharge of their official duties. Considering all the evidence and lack thereof, it follows that there is no proof that the officers were authorized to arrest Petitioner. Without such evidence, the Whitaker cannot establish that the officers of/for the NBPD were lawfully discharging their official duties. As there is no evidence showing Petitioner's arrest was lawful, he had the right to refuse to provide any information to the officers of/for the NBPD involved in his unlawful arrest. Accordingly, the conviction of Petitioner for the alleged offense is not authorized by the evidence. The officers of/for the NBPD, as well as the prosecutor, would have it believed that a "person," or anyone for that matter, can be arrested without having committed an offense, in absence of any warrant, and then be required to provide information to the arresting officer(s). Such an event is not contemplated or condoned by Sec. 38.02.

In order for Sec. 38.02 (d) (1) to be applicable, it must be "shown on the trial of an offense under [] section [38.02] that the defendant was a "fugitive from justice" at the time of the offense." A "trial" has not shown the Petitioner was "a fugitive from justice." Further, and again, there is no mention or evidence of an offense which Petitioner had committed giving rise to or providing cause for his arrest, nor is there any evidence Petitioner was a "fugitive from justice," in fact, the record is bereft of any warrant for Petitioner, save the Capias challenged herein and hereby. Furthermore, even if Petitioner had committed some offense and was lawfully arrested by the officers of/for the NBPD, application of Sec. 38.02 (d) (1) would be premature in absence of a "trial" to show that Petitioner was "a fugitive from justice."

### B. WITNESSES DISQUALIFIED

As demonstrated supra, and within the documents attached hereto, the officers of/for the NBPD are disqualified as witnesses due to noncompliance and misconduct, false arrest and violations of procedural due process and due course of law, as well as dishonesty and deceit by

claiming Petitioner had been lawfully arrested while either failing or intentionally neglecting to state for what offense Petitioner had been arrested for, in addition to, illegal seizure of property, to wit: a video recording camera used by Petitioner to record the events leading up to his false, unlawful arrest, which evidences Petitioner was unlawfully arrested and a false report had been made against Petitioner: *Jus ex injuria non oritur.* "A right cannot arise from a wrong." 4 Bing. 639.; *Nemo punitur pro alieno delicto.* "No one is to be punished for the crime or wrong of another."; *Nullus commodum capere potest de injuri su propri.* "No one shall take advantage of his own wrong. Co. Litt. 148.";  *Ubicunque est injuria, ibi damnum sequitur.* "Where ever there is a wrong, there damages follow." 10 Co. 116.; *Lex citius tolerare vult privatum damnum quam publicum malum.* "The law would rather tolerate a private wrong than a public evil." Co. Litt. 152; see also **Apx. Tab K** pg.15 - 18, #31.

Pursuant to the federal and state Rules of Evidence (see **Apx. Tab K** pg.36 - 37, #81. - 84.) and case law (see **Apx. Tab K** pg.37 - 39, #85. - 86.), Whitaker is not a competent and qualified witness due a lack of personal knowledge and status as a prosecutor. Ida Paniagua is not a competent or qualified witness pursuant to the federal and state Rules of Evidence due to a lack of personal knowledge (see **Apx. Tab K** pg.36 - 37, #83.). Whitaker, is barred from prosecution of the allegation and charge against Petitioner, due the trial court's lack of jurisdiction, lack of evidence that Petitioner had committed any crime, inapplicability of Sec. 38.02 to Petitioner and a lack of any credible witnesses thereagainstr, and conviction of him for the alleged offense is barred as a result of a bar to prosecution.

## PLEADING SHALL BE CONSTRUED TO DO JUSTICE

"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome

and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

"The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice. *Davis v. Wechler*, 263 U.S. 22, 24; *Stromberb v. California*, 283 U.S. 359; *NAACP v. Alabama*, 375 U.S. 449

Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities. *Picking v. Pennsylvania Railway*, 151 F.2d. 240, Third Circuit Court of Appeals

It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in *Conley v. Gibson* (see case listed above, Pro Se Rights Section). *Puckett v. Cox*, 456 F. 2d 233 (1972) (6th Cir. USCA)

"... allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers... ". *Haines v Kerner*, 404 U.S. 519 – 521, (1972)

"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." *Plaskey v. CIA*, 953 F.2nd 25

Nowhere can be found a competent attorney that is able to execute the proper remedy without embarrassing the Court, *Corpus Juris Secundum* 2d Vol. 7 section 25.

## REQUEST FOR RELIEF

For the reasons set forth herein, Petitioner, Jason Childress, requests that this Court grant his Petition for Writ of Habeas Corpus and relieve Petitioner of his unlawful restraint resulting from the void Capias.

Respectfully submitted,

/s/: Jason Childress
Jason Childress
9141 Gristmill Ct.
Fort Worth, Texas
jchildress1980@gmail.com

**<u>VERIFICATION</u>**

Executed without the United States:

 Pursuant to 28 U.S. Code § 1746 (a): I, Jason Truman Childress, Petitioner herein, **<u>in lieu</u>** **<u>of Notarization of this document due to an inability to pay therefor</u>**, do declare, certify, verify and state under penalty of perjury under the laws of the United States of America that I am a living man, of lawful age and competent to testify to the facts stated herein, and that the facts and statements made herein by me are true and correct.

/s/: Jason Childress   

Executed on this  3rd  day of  August , 2015.

## CERTIFICAT E OF SERVICE

I, Jason Childress, Petitioner herein, hereby certify that a true and correct copy of this Petition for Writ of Mandamus is being sent via email on this __3rd__ day of __August__, 2015 to the following:


Charles A. Stephens
Comal County Court at Law 2
Comal County Courthouse Annex
150 N. Seguin, Ste. 301
New Braunfels, Texas 78130

Abigail Whitaker
Comal County District Attorney's Office
Comal County Courthouse Annex
150 N. Seguin Ave. Ste. 307
New Braunfels, Texas 78130


/s/: Jason Childress
Jason Childress
9141 Gristmill Ct.
Fort Worth, Texas


Submitting this __3rd__ day of __August__, 2015.

# NO. _____

**In Re Jason Childress,**

**Petitioner**

---

**APPENDIX TO AND FOR PETITIONER'S PETITIONS
FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**

---

**List of Documents**

1. "PR BOND"............................................................................................ Tab B

2. Petitioner's Letter to Trial Court............................................................ Tab C

3. Trial Court Online Record Screenshot................................................... Tab D

4. "COMPLAINT (OCA)"........................................................................ Tab E

5. RETURNED NOTICE........................................................................... Tab F

6. "AFFIDAVIT/FAILURE TO APPEAR".............................................. Tab G

7. "ORDER FOR ARREST-FAILURE TO APPEAR"............................ Tab H

8. "CAPIAS-FAILURE TO APPEAR"..................................................... Tab I

9. Affidavit for Countercomplaint............................................................. Tab J

10. AFFIDAVIT OF COUNTERCOMPLAINT.......................................... Tab K

11. TABLE OF AUTHORITIES: POLICE REPORTS ARE HEARSAY................. Tab L

12. TABLE OF AUTHORITIES: LAW OF VOIDS IN TEXAS............................ Tab M

13. Return Receipt: BOBBIE KOEPP........................................................ Tab N

14. Return Receipt: Kevin M. Schoch....................................................... Tab O

15. Return Receipt: TOM WIBERT........................................................... Tab P

16. Return Receipt: ABIGAIL WHITAKER.............................................. Tab Q

17. DEMAND FOR DISMISSAL................................................................. Tab R